# EXHIBIT 18

ACCEPTED
01-16-00494-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/21/2016 4:21:19 PM
CHRISTOPHER PRINE
CLERK

No. _____

# IN THE FIRST COURT OF APPEALS
## HOUSTON, TEXAS

---

# *IN RE MAROPCO, INC.,*
### *Relator.*

---

**Original Proceeding from the 11th District Court,
Harris County, Texas, Trial Court Cause No. 2015-35950
The Honorable Mike D. Miller, Presiding**

---

# PETITION FOR WRIT OF MANDAMUS

---

**BECK REDDEN LLP**
 Russell S. Post
 State Bar No. 00797258
 rpost@beckredden.com
 John S. Adcock
 State Bar No. 00790206
 jadcock@beckredden.com
1221 McKinney, Suite 4500
Houston, TX  77010
(713) 951-3700
(713) 951-3720 (Fax)

**LYNN PINKER COX & HURST, LLP**
 David S. Coale
 State Bar No. 00787255
 dcoale@lynnllp.com
 Elizabeth Y. Ryan
 State Bar No. 24067758
 eryan@lynnllp.com
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800
(214) 981-3839 (Fax)

**COUNSEL FOR RELATOR MAROPCO, INC.**

*Emergency Relief Requested*   *Oral Argument Requested*

## IDENTITY OF PARTIES AND COUNSEL

**Relator (Defendant in the Trial Court):**

   MarOpCo, Inc.

**Counsel for Relator (In This Court):**

   Russell S. Post
   John S. Adcock
   BECK REDDEN LLP
   1221 McKinney, Suite 4500
   Houston, TX  77010

   David S. Coale
   Elizabeth Y. Ryan
   LYNN PINKER COX & HURST, LLP
   2100 Ross Avenue, Suite 2700
   Dallas, TX  75201

**Counsel for Relator (In The Trial Court):**

   Michael Reese Davis
   HYMEL DAVIS & PETERSEN, LLC
   10602 Coursey Boulevard
   Baton Rouge, LA  70816

   John T. Cox III
   Christopher J. Akin
   Kent D. Krabill
   Russell G. Herman
   LYNN PINKER COX & HURST, LLP
   2100 Ross Avenue, Suite 2700
   Dallas, TX  75201

**Respondent:**

> Honorable Mike D. Miller
> Judge, 11th District Court
> Harris County Civil Courthouse
> 201 Caroline, 9th Floor
> Houston, TX  77002

**Real Parties in Interest (Plaintiffs in the Trial Court):**

> Preston Marshall
> Rusk Capital Management, LLC

**Counsel for Real Parties in Interest:**

> Paul J. Dobrowski
> C. Davis Bradford
> Akilah F. Craig
> DOBROWSKI, LARKIN & JOHNSON LLP
> 4601 Washington Ave., Suite 300
> Houston, TX  77007

> Mark Siurek
> Patricia Haylon
> WARREN & SIUREK, L.L.P.
> 3334 Richmond Avenue, Suite 100
> Houston, TX  77098

> Jeffrey W. Chambers
> CHAMBERS LAW FIRM
> 2929 Allen Parkway, Suite 200
> Houston, TX  77019

**Other Parties in the Trial Court (Defendants):**

> E. Pierce Marshall, Jr.
> Hunter Hunter & Sonnier, L.L.C.
> Edwin K. Hunter

**Counsel for Defendant E. Pierce Marshall, Jr. in the Trial Court:**

> David J. Beck
> Jeff M. Golub
> BECK REDDEN LLP
> 1221 McKinney, Suite 4500
> Houston, TX  77010

**Counsel for Defendants Edwin K. Hunter and**
**Hunter, Hunter & Sonnier, L.L.C. in the Trial Court:**

> L. Bradley Hancock
> Christopher David Johnsen
> A. Kristi White
> HOLLAND & KNIGHT LLP
> 1100 Louisiana Street, Suite 4300
> Houston, TX  77002

> Ashish Mahendru
> Darren A. Braun
> MAHENDRU, P.C.
> 639 Heights Boulevard
> Houston, TX  77007

## REQUEST FOR ORAL ARGUMENT

This case presents the question, which no Texas court has yet confronted, whether a plaintiff can evade the strict limitations on electronic discovery set forth in *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding) and *In re Pinnacle Engineering, Inc.*, 405 S.W.3d 835, 837 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding), by the simple expedient of artfully pleading a claim for "ownership" of the subject of the discovery requests.  Because no court has yet decided this important question, Relator requests oral argument.

TABLE OF CONTENTS

**Page**

Identity of Parties and Counsel ................................................................. i

Request for Oral Argument ...................................................................... iv

Table of Contents ..................................................................................... v

Index of Authorities ............................................................................... vii

Statement of the Case ............................................................................. vii

Statement of Jurisdiction .......................................................................... x

Issues Presented ...................................................................................... xi

Introduction ............................................................................................. 1

Statement of Facts .................................................................................... 3

Summary of the Argument ...................................................................... 11

Legal Standard ....................................................................................... 13

Argument ............................................................................................... 14

    I.    The trial court abused its discretion by compelling production of mirror images of all of the electronic storage devices at issue in the lawsuit. ........................................... 14

        A.    The trial court abused its discretion because Plaintiffs did not serve valid, specific discovery requests ....................... 15

        B.    Plaintiffs cannot avoid *In re Weekley Homes'* requirements through artful pleading ....................... 17

    II.    The trial court abused its discretion by ordering overly broad discovery. ........................................................................ 20

    III.    The trial court abused its discretion by ordering irrelevant discovery that Plaintiffs never requested. ........................... 23

Prayer for Relief .................................................................................................25

Notice of Request for Temporary Relief ...............................................................26

Rule 52.3(j) Certification ......................................................................................26

Certificate of Service ...........................................................................................27

Appendix

     Order Granting Plaintiffs' Motion to Compel ................................... App. 1-21

     MarOpCo, Inc.'s Responses and Objections to Plaintiffs'
     Third Set of Requests for Production ............................................. App. 22-40

     MarOpCo, Inc.'s Responses and Objections to Plaintiffs'
     Fourth Set of Requests for Production ........................................... App. 41-65

## INDEX OF AUTHORITIES

**CASES**                                                                   **PAGE(S)**

*In re Allstate Cty. Mut. Ins. Co.*,
227 S.W.3d 667 (Tex. 2007) ...........................................................20

*In re Am. Optical Corp.*,
988 S.W.2d 711 (Tex. 1998) ...........................................................21

*In re CSX Corp.*,
124 S.W.3d 149 (Tex. 2003) ......................................................20, 22

*Dillard Dep't Stores, Inc. v. Hall*,
909 S.W.2d 491 (Tex. 1995) ......................................................13, 21

*In re Graco Children's Prods., Inc.*,
210 S.W.3d 598 (Tex. 2006) ...........................................................13

*Harris Cty. Flood Control Dist. v. Kerr*,
No. 13-0303, slip op. (Tex. June 17, 2016) ......................................19

*In re Jordan*,
364 S.W.3d 425 (Tex. App.—Dallas 2012,
orig. proceeding) ..............................................................................16

*Loftin v. Martin*,
776 S.W.2d 145 (Tex. 1989) ...........................................................21

*In re Lowe's Cos., Inc.*,
134 S.W.3d 876 (Tex. App.—Houston
[14th Dist.] 2004, orig. proceeding) ................................................23

*In re Master Flo Valve*,
485 S.W.3d 207 (Tex. App.—Houston
[14th Dist. 2016, orig. proceeding).............................................23, 24

*In re Pinnacle Engineering, Inc.*,
405 S.W.3d 835 (Tex. App.—Houston
[1st Dist.] 2013, orig. proceeding)..............................................*passim*

*Texaco, Inc. v. Sanderson*,
989 S.W.2d 813 (Tex. 1995) ...........................................................21

*Walker v. Packer*,
    827 S.W.2d 833 (Tex. 1992) ..............................................................................13

*In re Weekley Homes, L.P.*,
    295 S.W.3d 309 (Tex. 2009) .....................................................................*passim*

## RULES

Tex. R. Civ. P. 196.4.........................................................................................14, 16

## STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the case* | The underlying case is a dispute between a company and its former employee. |
| *Trial court* | Honorable Mike D. Miller<br>11th Judicial District Court, Harris County |
| *Proceedings below* | Plaintiff Preston Marshall unilaterally commingled information on electronic storage devices owned by MarOpCo and improperly transferred MarOpCo data to a server where ownership is disputed.  Those electronic storage devices, along with several others, were at MarOpCo's Houston, Texas office at the time that MarOpCo terminated Plaintiff Preston Marshall's employment.<br><br>The trial court appointed a special master to take possession of the devices, review the data on the electronic storage devices located at MarOpCo's Houston office, and determine to which party the data should be allocated.  However, before the special master could complete that allocation, the trial court reversed course and invited Plaintiffs to file a motion to compel the production of all data on those electronic storage devices. |
| *Ruling assailed* | On June 17, 2016, the trial court ordered the production of mirror images of all of the electronic storage devices in the special master's possession, which includes a production of all of MarOpCo's electronically stored information.  App. to Pet. 1-2; R. at 2084-85.  The trial court also ordered MarOpCo to turn over additional electronic storage devices to the special master for review and production.  App. 1; R. at 2084.<br><br>The trial court denied MarOpCo's request to stay the order, which will take effect on June 24, 2016.  App. 1; R. at 2083, 2084. |

## STATEMENT OF JURISDICTION

The Court has jurisdiction under Texas Government Code Section 22.221.

ISSUES PRESENTED

1.     The Texas Supreme Court set forth rules carefully limiting a party's access to an opponent's electronic storage devices in *In re Weekley Homes, L.P*, 295 S.W.3d 309 (Tex. 2009) (orig. proceeding), and this Court applied the rules in *In re Pinnacle Engineering, Inc.*, 405 S.W.3d 835 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding).  This case raises two related questions about those rules:

A.  If the party seeking discovery does not satisfy the requirements of *In re Weekley Homes*, *In re Pinnacle Engineering*, or Rule 196.4, does a trial court abuse its discretion in ordering production of mirror images of the responding party's electronic storage devices?

B.  May the party seeking discovery evade these requirements simply by artfully pleading a claim for "ownership" of the subject of discovery?

2.     Texas law requires a requesting party to narrowly tailor discovery requests to seek only information relevant to the lawsuit.  Texas law prohibits a trial court from compelling document production pursuant to an overly broad request.   Is a former employee's discovery request for "all documents and communications" located on every conceivably relevant electronic storage device overbroad, such that the trial court abused its discretion in compelling production pursuant to that request?

### INTRODUCTION

In a time when every individual and company stores massive amounts of data on their computers, servers, thumb drives, and other devices, this Petition presents important questions about the breadth of electronic discovery permitted under Texas law and a trial court's ability to provide a requesting party with direct access to an opponent's electronic storage devices.

Like other companies, MarOpCo, Inc. ("MarOpCo") stored electronic data, including documents and employees' e-mail, on a computer server.  While employed by MarOpCo, Plaintiff Preston Marshall ("Preston") purchased a computer server and, without MarOpCo's permission or knowledge, transferred all of MarOpCo's electronic data to that new server.  Preston now alleges that the new server was for his own company, Plaintiff Rusk Capital Management, L.L.C. ("Rusk Capital").  After covertly transferring all of MarOpCo's data to the new server, Preston commingled his own data with MarOpCo's data on the new server.

MarOpCo fired Preston in 2015 and Preston, along with Rusk Capital Management, L.L.C., immediately filed the underlying lawsuit.  In the lawsuit, Plaintiffs sought access to all of the electronic data in MarOpCo's Houston, Texas office as of June 11, 2015, which included data that Preston had transferred to the new server and data stored on other electronic devices, including a MarOpCo-owned server and MarOpCo-owned computers and thumb drives.

The trial court initially resisted Plaintiffs' request and appointed a special master to allocate the data on all of the electronic storage devices to the respective owner.  But before the special master could complete that allocation, Plaintiffs again asked for all of MarOpCo's data through two overly broad requests for production that sought all documents and communications located on every electronic storage device in MarOpCo's Houston, Texas office as of June 11, 2015.  After MarOpCo objected to those requests and upon the trial court's urging, Plaintiffs filed a motion to compel production pursuant to those two requests.  The trial court granted Plaintiffs' motion to compel, ordered the production of mirror images of all the electronic media the special master possessed, and ordered MarOpCo to turn over additional devices for inspection and production.

MarOpCo asked the trial court to stay the discovery order to allow MarOpCo to seek this Court's guidance.  The trial court refused, setting a deadline for compliance of June 24, 2016.  Thus, MarOpCo files this mandamus petition and accompanying emergency motion for temporary relief.

STATEMENT OF FACTS

**A.      MarOpCo employed Plaintiff Preston Marshall.**

Elaine T. Marshall ("Mrs. Marshall") is the President, Chief Executive Officer, and controlling person for MarOpCo.  R. at 1305.  MarOpCo is a company with offices in Houston and Dallas, Texas that provides administrative services for several dozen entities owned and/or controlled by Mrs. Marshall.  R. at 2-3, 1305.  Like most companies, MarOpCo provides its employees with computers on which to work and a company e-mail address, and stores its electronic data on computers, servers, thumb drives, and other electronic storage devices.  *See* R. at 59, 1461, 2192-95; *see also* R. at 2223.

MarOpCo employed Preston, who is Mrs. Marshall's son, as an at-will employee for approximately nine years in MarOpCo's Houston, Texas office.  R. at 3, 61-72.   Preston executed at least two Employment Agreements with MarOpCo, most recently in 2010 and 2014.  R. at 61-72.  Preston's MarOpCo Employment Agreements imposed broad obligations on him, such as maintaining confidentiality and agreeing to return all company data upon termination of his employment.  *See* R. at 63-66; *see also* R. at 59.  MarOpCo contends that those duties extended to MarOpCo and the various affiliates owned or controlled by Mrs. Marshall.

3

**B.     Preston     transferred     MarOpCo's     data     and     commingled MarOpCo's data with his own data.**

Preston did not adhere to MarOpCo's policies or the duties set forth in his 2010 and 2014 Employment Agreements.  In June 2014, just months after Mrs. Marshall reminded Preston in writing that he had "no expectation of privacy" in the data stored on "the MarOpCo server," Preston purchased a computer server and two work stations, and brought them to MarOpCo's Houston office.  R. at 1306; *see also* R. at 1725. Without MarOpCo's permission or knowledge, and in violation of MarOpCo's policies and his Employment Agreements, Preston copied MarOpCo's data to that newly-purchased computer server.   *See* R. at 1307. Preston then began storing newly-created MarOpCo data on the new server instead of on MarOpCo's server.  *See* R. at 162.

Preston now claims that he purchased the new server for Rusk Capital, a company that Preston formed in June 2014.  R. at 1306; *see also* R. at 80-81.  Rusk Capital did not own any assets when Preston purchased the new server.  R. at 1460. MarOpCo contends that Rusk Capital did not own any assets until just a few weeks before MarOpCo terminated Preston's employment, which was almost one year after Preston bought the new server.  After transferring MarOpCo's data, Preston commented that the transfer would prevent MarOpCo from taking the data.  *See* R. at 1726.

In addition to violating his Employment Agreements and MarOpCo's policies, Preston also created a logistical mess by copying MarOpCo's data onto the new server. His only justification for transferring the data was that he did not think it would cause any harm. R. at 1465. The harm soon became plain.

### C.   After MarOpCo terminated Preston's employment, Plaintiffs sued  MarOpCo and sought access to all of MarOpCo's data.

On June 11, 2015, MarOpCo terminated Preston's employment because Preston repeatedly ignored Mrs. Marshall's instructions and engaged in other misconduct. R. at 629-30, 1307. As of that date, the new server that Preston purchased, along with other computers, hard drives, servers, and thumb drives, remained in MarOpCo's Houston office, on Tidwell Road. R. at 16, 28, 33, 1308.

Less than two weeks later, Preston and Rusk Capital sued MarOpCo. R. at 1-15. Preston secured a temporary restraining order that allowed him unfettered access to all of MarOpCo's (and its affiliates') data that he had moved onto the new server. *See* R. at 17, 19-12. MarOpCo filed a mandamus petition, which was rendered moot when Plaintiffs agreed to dissolve the TRO. R. at 16-17.

Eventually, the trial court appointed a special master to take possession of all of the parties' relevant electronic storage devices. R. at 28-31, 33-35. The special master was required to review the data on those devices to determine which party owned the data. R. at 33. The parties began working with the special master, who successfully processed 85,000,000 pieces of data. R. at 1607.

5

After de-duplicating the data and focusing on common file types used in litigation, the special master identified 160,222 unique documents on the devices:

**Deduplicated Data Volumes (by date ranges and file types)**

| Date Ranges | EMAIL | Word Processed Documents | PowerPoints | Spreadsheets | PDF |
|---|---|---|---|---|---|
| All Dates | 131,474 | 6,857 | 210 | 3,546 | 18,135 |
| Post 5/29/2014 | 7,846 | 3,175 | 66 | 1,719 | 2,936 |
| Post 8/14/2014 | 6,260 | 3,080 | 53 | 1,637 | 2,831 |
| Post 10/3/2014 | 5,043 | 3,068 | 53 | 1,610 | 2,654 |
| Post 12/12/2014 | 4,150 | 3,051 | 53 | 1,588 | 2,546 |
| Post 2/28/2015 | 2,925 | 3,025 | 53 | 1,528 | 2,370 |
| Post 6/11/2015 | 473 | 2,987 | 53 | 1,473 | 2,024 |

Post [date] means the item Sent Date for e-mail messages and the Last Modified Date for other items.

R. at 1613. [Tab J at Ex. G.]   But Plaintiffs, impatient with the special master process and concerned that it would not accomplish their ultimate goals, elected to derail it in favor of a demand for unfettered access to all of MarOpCo and its affiliates' electronic data.

**D.     Plaintiffs served overly broad discovery requests seeking all of the data on the electronic storage devices and the trial court compelled   production pursuant to those requests.**

On February 1, 2016, Plaintiffs served MarOpCo with the following request for production: "All non-privileged documents and communications located on every server, workstation, laptop, computer, image, hard drive, flash drive, or other electronic or digital storage device located at the [MarOpCo] Tidwell Office on June 11, 2015." App. 40; R. at 534, 545.

On March 6, 2016, Plaintiffs served MarOpCo with a nearly identical request for production: "All documents and communications located on every server, workstation, laptop, computer, image, hard drive, flash drive, or other electronic or digital device located at the [MarOpCo] Tidwell Office on June 11, 2015." App. 57-58; R. at 552, 565.

- MarOpCo objected to both of these requests for several reasons, including that the requests were overly broad and sought to violate the protocols that the Texas Supreme Court established in *In re Weekley Homes, L.P.,* 295 S.W.3d 309 (Tex. 2009) (orig. proceeding). App. 40, 57-58; R. at 895, 913-14. MarOpCo also objected because Plaintiffs sought information that MarOpCo asserts is confidential or exempt from discovery, including the following information that may be on the electronic storage devices: Mrs. Marshall's pre-2014 tax returns and the pre-2014 tax returns for entities that Mrs. Marshall owns or controls, *see* R. at 1973;

- E-mails of current and former MarOpCo employees;

- Data belonging to a Marshall family company that owns oil and gas working interests, which Preston now directly competes with;

- Health insurance and other employment related information for Dallas and Houston MarOpCo employees; and

- E. Pierce Marshall, Sr.'s attorney-client communications regarding the twenty-year long litigation concerning Anna Nicole Smith.

Thus, MarOpCo urged the trial court to continue with the special master process.

R. at 37-38.

In early May 2016, after the special master informed the trial court that the parties disagreed on the proper allocation of the data, the trial court became frustrated and once again unilaterally raised the idea of giving all parties a copy of all of the data in the special master's possession. R. at 935. The trial court quizzed Plaintiffs' counsel as to whether counsel thought Plaintiffs could defend such a production in a mandamus action to this Court:

> Are you telling me that you can uphold that in a Court of Appeals? Are you telling us that, Yeah, I am ready to defend that, I am going to win that? This is not a close call. You should do it, Judge. This is not a waste of time and money. I want you to—I know I haven't asked for it today, but now that you brought it up, absolutely, I am entitled to that and I will win that on appeal. . . . Are you telling me you can defend that successfully?

R. at 935-36. Plaintiffs' counsel responded: "I believe that I can, Judge. . . . The short answer to your question is, yes." R. at 936.

MarOpCo wanted to continue the special master process. R. at 37-38. MarOpCo pointed out that "providing a mirror image of all data and information on the Computer Equipment to each party violates Maropco's [*sic*] right to possession and control of its information." R. at 137. MarOpCo also reiterated its belief that the special master process would allow the special master to make preliminary determinations of ownership and give the data files to their respective owners, after which the parties could proceed with normal discovery and produce relevant data in response to specific discovery requests. R. at 38.

As MarOpCo explained, this special master process would handle disputes over ownership in an orderly fashion, initially allocating electronic data to its presumptive owner and then allowing each party a fair opportunity to assert a right to the electronic data in the ordinary course: "Once ownership of the data and information on the Computer Equipment is determined, if the parties want to obtain any of the data and information that they do not own, they may do so through the normal discovery process at set forth in the Texas Rules of Civil Procedure." R. at 38.

But the trial court relied upon Plaintiffs' assurance that an appellate court would uphold the compelled production of all data. The trial court asked Plaintiffs to file a motion to compel the entire universe of MarOpCo's data in the Houston office be turned over to Plaintiffs and Plaintiffs obliged by filing their Motion to Compel Production of Documents and Data. R. at 1872-73, 1905. In that motion, Plaintiffs asked the trial court to compel production pursuant to Plaintiffs' previously served discovery requests for all "documents and communications located on every server, workstation, laptop, computer, image, hard drive, flash drive, or other electronic or digital storage device located at the [MarOpCo] Tidwell Office on June 11, 2015." R. at 451.[1]

---

[1] Plaintiffs only moved on two requests for production. R. at 495 ("Plaintiffs ask the Court to compel MarOpCo to produce documents responsive to Request No. 39 of Plaintiffs' Third Requests for Production to MarOpCo and Request No. 31 of Plaintiffs' Fourth Requests for Production to MarOpCo including, but not limited to, all data currently held at CyberEvidence; (2) all data on the flash drives

On June 17, 2016, the trial court granted Plaintiffs' Motion to Compel Production of Documents and Data.  App. 1-4; R. at 2084-2087.  The trial court ordered the following:

- Within seven days of the date of the order, MarOpCo shall provide the special master with all flash drives removed from Preston's desk at MarOpCo's Houston office;

- The special master must search all of the electronic storage devices, including the newly-provided flash drives, for potentially privileged communications and filter out those communications;

- The special master must provide forensic images of all of the electronic storage devices in his possession to the parties "in an expeditious matter";

- MarOpCo must file, within thirty days from the date it receives the forensic images, a motion with supporting affidavits to prove that MarOpCo is the sole "owner" of its privileged communications; and

- The parties shall enter into a to-be-determined confidentiality agreement or agreed protective order.

App. 1-4; R. at 2084-87.

MarOpCo asked the trial court to stay the enforcement of its order on Plaintiffs' Motion to Compel Documents and Data.  R. at 2083.  The trial court denied MarOpCo's request.  R. at 2084-87.  Thus, compliance is required by June 24, 2016.

---

located in MarOpCo's storage facilities and contained flash drives found in Evyonne Scurlock's [a MarOpCo employee] desk; and (3) to grant Plaintiffs any other and further relief, in law and in equity, to which Plaintiffs may be entitled.") (mis-numbering in original).  Although Plaintiffs' Motion to Compel mentions 174 other requests for documents, R. at 451, Plaintiffs did not move to compel based on any of those requests, R. at 495.

## SUMMARY OF THE ARGUMENT

The trial court erred in refusing to comply with well-established protocols for the production of electronic data. Nothing in Texas law permits a court to give a requesting party mirror images of an opponent's electronic storage devices during discovery, thereby providing direct access to all of the opponent's data. Rather, a party seeking electronic production must prove the elements set forth in *In re Weekley Homes, L.P.*, and its progeny, including *In re Pinnacle Engineering*. The trial court refused to hold Plaintiffs to the standards established in those cases and thus abused its discretion.

Plaintiffs persuaded the trial court that they could evade those cases through artful pleading, by alleging a claim for ownership of the electronic data in question. If permitted, that transparent strategy would render the procedural requirements of *In re Weekley Homes* and *In re Pinnacle Engineering* dead letters. Going forward, resourceful litigants will simply plead a claim for ownership of electronic data and demand unfettered access to an opponent's electronic storage devices. Obviously, this Court did not encourage such artful pleading in *In re Pinnacle Engineering*— but unless the trial court's order is set aside, this case will soon become a template for undisciplined access to electronic storage devices. The Court should act now to cure this covert violation of *In re Weekley Homes* and *In re Pinnacle Engineering*, bringing clarity to this important and emerging area of Texas law.

11

Further, under long-standing Texas law, a requesting party must narrowly tailor discovery requests to include only matters relevant to the lawsuit, and a court cannot compel production in response to requests that are not narrowly tailored. Here, Plaintiffs served MarOpCo with exceedingly broad discovery requests that asked for every piece of electronic data in MarOpCo's Houston office as of the date of Preston Marshall's firing (June 11, 2015). Plaintiffs did not limit their requests to electronic data from a specific time period or about a specific subject. Rather than imposing discipline on Plaintiffs' requests, the trial court abused its discretion by ordering MarOpCo to comply with those overly broad requests.

Although the facts in this case have been complicated by Preston's unilateral commingling of data—quite possibly in a self-conscious attempt to set up precisely the ownership claim that is now alleged to justify discovery of MarOpCo's data— the underlying principles of law are clear: a trial court cannot compel discovery that is well outside the bounds of proper discovery or overly broad. The court below did both. Mandamus relief is appropriate.

## LEGAL STANDARD

Mandamus will issue to correct a clear abuse of discretion when it cannot be remedied by appeal. *E.g., Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Mandamus protects a party from an order compelling production of electronic data that is beyond the permissible bounds of discovery. *In re Pinnacle Eng'g, Inc.*, 405 S.W.3d 835, 837 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (citing *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding)). In such a situation, a party has no adequate appellate remedy because an appellate court cannot remedy the trial court's error in ordering such broad production without the protections outlined in *In re Weekley Homes*. *Id.*

This principle is a specific application of the well-settled general principle that courts should not enter an order that "compels overly broad discovery well outside the bounds of proper discovery." *E.g., In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding) (per curiam) (quoting *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding) (per curiam)). Mandamus is the proper remedy for such an order. *E.g., id.*

13

ARGUMENT

I.   **The trial court abused its discretion by compelling production of mirror images of all of the electronic storage devices at issue in the lawsuit.**

The Texas Supreme Court has significantly limited when a court can compel a party to produce its electronic storage devices for review in discovery. *See* Tex. R. Civ. P. 196.4; *see also In re Weekley Homes,* 295 S.W.3d at 314. The purpose of this restriction is self-evident. As the Texas Supreme Court explained, "providing access to information by ordering examination of a party's electronic storage device is particularly intrusive and should be generally discouraged, just as permitting open access to a party's file cabinets for general perusal would be." *In re Weekley Homes*, 295 S.W.3d at 317.

Under *In re Weekley Homes*, a trial court cannot order a party to surrender its electronic storage devices (or the functional equivalent of giving the opposing party a mirror image of the data on those devices) simply because an opposing party claims that the devices contain relevant data. *Id.* at 320. Instead, the requesting party must satisfy several elements before a trial court can compel production of electronic storage devices. *Id.* at 317-19, 322. Plaintiffs did not satisfy these elements—and it is not necessary to look beyond the first element.

**A.     The trial court abused its discretion because Plaintiffs did not serve valid, specific discovery requests.**

The first step in the process of discovering electronic information is serving a valid, specific request.  *In re Weekley Homes*, 295 S.W.3d at 314.  If a party seeking discovery does not satisfy this threshold test, the inquiry is at an end.  *Id.*

This Court applied this threshold requirement in *In re Pinnacle Eng'g, Inc.*, 405 S.W.3d 835 (Tex. App.—Houston [1st Dist.], orig. proceeding).  In that case, like this one, the Court faced requests for production of electronic storage devices and it granted mandamus relief.  Because the facts in *In re Pinnacle* are remarkably similar to those of the instant case, a detailed review is instructive.

 The plaintiff in *In re Pinnacle* was a former shareholder and employee of two privately-held corporations.  *Id.* at 836.  After the corporations terminated the plaintiff's employment, the plaintiff sued and served discovery requests seeking, among other things, the production of computer hard drives from the laptops, notebooks, and tablets of the corporations, his co-shareholders, and his co-workers. *Id.* at 837. The defendants objected, asserting that the "requests were overly broad, sought irrelevant information, sought the production of 'privileged, private, confidential and/or proprietary information' and revealed that [the plaintiff] was attempting to 'rummage through a virtual electronic file cabinet of correspondence, which is an impermissible fishing expedition that, if permitted, would constitute an abuse of discretion.'"  *Id.*

15

The trial court eventually compelled the production of the co-shareholders' and co-workers' computer hard drives, the corporations' network servers, and the native files for a category of documents. *Id.* at 838. This Court stayed production of the electronic devices and reviewed the trial court's order. *Id.* at 839.

This Court examined the plaintiff's requests for the production of computer hard drives and network servers in light of Rule 196.4's requirement that the requesting party "specifically request production of electronic or magnetic data and specify the form in which the requesting party wants it produced." *Id.* at 841-42 (quoting Tex. R. Civ. P. 196.4). This Court held that the plaintiff's requests for the electronic storage devices "did not inform relators of the exact nature of the information sought and [did] not meet the requirements of rule 196.4." *Id.* at 842 (citing *In re Jordan*, 364 S.W.3d 425, 426 (Tex. App.—Dallas 2012, orig. proceeding) (holding that written requests for production that asked for computer hard drives were insufficient under Rule 196.4)). As such, this Court concluded that "the trial court abused its discretion in granting the motion to compel." *Id.*

Here, Plaintiffs seek the production of every document and communication "located on every server, workstation, laptop, computer, image, hard drive, flash drive, or other electronic or digital device" that was in MarOpCo's Houston office on June 11, 2015. App. 40, 57-58; R. at 545, 565.

These requests are nearly identical to the requests at issue in *In re Pinnacle*, and as in *In re Pinnacle*, the trial court ordered the indiscriminate production of all of the data on the electronic storage devices that Plaintiffs requested. App. 1-4; R. at 2084-87. Thus, this Court should conclude, as it has before, that such requests do not satisfy the requirements of Rule 196.4 or *In re Weekley Homes* and that the trial court's order is an abuse of discretion warranting mandamus relief. *See In re Pinnacle*, 405 S.W.3d at 842.

**B.      Plaintiffs cannot avoid *In re Weekley Homes*' requirements through artful pleading.**

In rare cases, this Court has acknowledged that permitting a requesting party to directly access a responding party's electronic storage devices may be proper "when there is some direct relationship between the electronic storage device and the claim itself." *In re Pinnacle*, 405 S.W.3d at 847 (quoting *In re Weekley Homes*, 295 S.W.3d at 317-19 (citing cases where employers sued employees for theft of trade secrets and claimed that the employees kept the stolen trade secrets in electronic files on the former employees' electronic storage devices)). But that rule cannot apply when the entire dispute is over ownership of the data in question; otherwise plaintiffs could obtain the ultimate object of their suit through discovery. The Court should not allow plaintiffs to artfully plead around *In re Weekley Homes* by asserting broad claims of ownership over electronic storage devices or data.

17

This case illustrates the risk. Ownership of MarOpCo or its affiliates' electronic data is central to the merits of the case. Plaintiffs broadly claim that they "co-own" every piece of data on the electronic storage devices in the Special Master's possession. R. at 1943, 1947. Plaintiffs further claim that to prove co-ownership (the merits of the case) they need to see and evaluate every piece of data on the electronic storage devices in the Special Master's possession. R. at 1943. According to Plaintiffs' argument, they are entitled to obtain every piece of that data through discovery. R. at 1961 ("Your honor, to assert the ownership rights to the data, we need the data."); *see also* R. at 1958. Their argument puts the cart before the horse, confusing discovery with the merits.

The Court should reject such an argument. If a plaintiff can obtain a copy of all of a defendant's data—no matter how sensitive or confidential—simply by broadly claiming "ownership" of the data, then plaintiffs will be incentivized to broadly plead ownership and obtain boundless electronic discovery without having to meet any of *In re Weekley Homes'* stringent requirements.

Prior cases applying *In re Weekley Homes* have not involved disputed claims of ownership, so Plaintiffs' ownership claims are a novel attempt to artfully plead around the requirements of *In re Weekley Homes*. This Court should draw a line. *In re Weekley Homes* cannot be disregarded merely because a plaintiff claims— without proof—that it co-owns data on electronic storage devices.

Rather, MarOpCo submits that in cases involving disputed ownership of electronic data, a trial court should take the following steps:

> Step One: Require the party claiming ownership to make a prima facie showing of ownership of specific data or categories of data through testimony, evidence, or affidavits.

> Step Two: Permit any party disputing ownership to rebut, through testimony, evidence, or affidavits, any prima facie showing of ownership.

> Step Three: Decide whether the party claiming ownership has made a showing sufficient to grant that party access to the data for discovery purposes only and, if so, implement procedures to insure the protection of that data, including return of the data if the fact finder ultimately finds no ownership.

This burden-shifting process gives due weight to the trial court's role as a fact-finder when resolving factual disputes in discovery, and allows the trial court to exercise an informed decision after making its findings on the ownership issue. Additionally, this burden-shifting process gives due weight to the importance of property rights in Texas, which our Supreme Court praises as a fundamental right. Just last week, the Supreme Court reminded us that it has "repeatedly, recently, and unanimously recognized that strong judicial protection for individual property rights is essential to 'freedom itself.'" *Harris Cty. Flood Control Dist. v. Kerr*, No. 13-0303, slip op. at 18 (Tex. June 17, 2016) (citation omitted). "Individual property rights are 'a foundational liberty, not a contingent privilege.'" *Id.*

As a practical matter, this burden-shifting process will be invoked rarely, because data ownership is not frequently disputed. But, for those cases in which ownership is in dispute, this proposed process would aid trial courts in resolving discovery disputes and extending the protections that *In re Weekley Homes* affords. Because the trial court failed to follow such a procedure to decide ownership before giving Plaintiffs unfettered access to MarOpCo's electronic storage devices based on nothing more than an allegation of ownership, it abused its discretion. This Court should grant mandamus relief and instruct the trial court to conduct an orderly determination of ownership—such as the initial special master procedure—*before* ordering production of disputed materials.

## II.    The trial court abused its discretion by ordering overly broad discovery.

The rule of *In re Weekley Homes* is a specific application of the general rule that discovery requests must be reasonably tailored. *E.g., In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). Discovery requests must be limited to a relevant time, place, and subject matter. *E.g., In re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667, 669 (Tex. 2007) (orig. proceeding) (per curiam). "A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information." *In re CSX*, 124 S.W.3d at 153.

20

Here, the two requests for production on which Plaintiffs moved to compel sought every piece of electronic data that MarOpCo possessed at its Houston office as of June 11, 2015, including the data of dozens of affiliates for which MarOpCo provides administrative services.   App. 40, 57-58; R. at 545, 565.   Plaintiffs' requests far exceed the scope of requests that the Texas Supreme Court has found to be overly broad:

- *In re Am. Optical Corp.*, 988 S.W.2d 711, 711-12 (Tex. 1998) (orig. proceeding) (per curiam) ("In response to plaintiffs' document requests, the trial court ordered relator to produce virtually every document ever generated relating to its products, without tying the discovery to the particular products the plaintiffs claim to have used.  Because the order requires production well outside the bounds of proper discovery, we conditionally grant mandamus.");

- *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 491 (Tex. 1995) (orig. proceeding) (per curiam) (holding that a request for "[c]opies of all complaints, including lawsuits filed against Defendant, which involve an alleged wrongful detention, arrest, civil rights violation, or any other complaint similar to the complaint to Plaintiff" was overly broad);

- *Texaco, Inc. v. Sanderson*, 989 S.W.2d 813, 814 (Tex. 1995) (orig. proceeding) (per curiam) (holding that a request for "all documents written by John Sexton, who was corporate safety director [from 1957 to 1987], that concern safety, toxicology, and industrial hygiene, epidemiology, fire protection and training" was overly broad);

- *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989) (orig. proceeding) (holding that a request for "all notes, records, memoranda, documents and communications made that the carrier contends supports its allegations" was overly broad).

Plaintiffs repeatedly argued that their two requests captured data relevant to some of their claims.  R. at 475.  For example, Plaintiffs argued that the compelled data would include "evidence that Preston did his job" and evidence "that Preston was more than just an employee of MarOpCo, but an interested party with a vested interest in the Marshall Family Entities."  R. at 475.  But the test for overbreadth is not whether the discovery requests seeks *some* relevant information; the test is whether the discovery request is crafted to seek *only* relevant information.  *See In re CSX*, 124 S.W.3d at 153.  Otherwise, a party could submit blanket requests for all its opponent's documents, arguing that at least some of them could be relevant.  That practice is exactly what the Texas Supreme Court forbids, as the foregoing decisions illustrate.

Plaintiffs' argument that they need the data to prove their ownership of the data is a tautology.  Simply looking at data—especially data that does not reference ownership in any way—will not help Plaintiffs prove ownership.  If Plaintiffs wanted documents to help prove ownership then they could have tailored their requests to seek documents that referenced ownership of the relevant data.  Plaintiffs did not do so.  And extended to its logical limit, Plaintiffs' argument would allow every plaintiff in a trade secrets case to claim an entitlement to discovery of all the defendant's trade secrets because the ownership of the underlying data is in dispute.  That cannot be the law.

By drafting requests for all the electronic data that MarOpCo possessed in Houston as of June 11, 2015, Plaintiffs did not try to limit their requests to only relevant documents.  Rather, they sought through discovery that which they seek through their affirmative claims in the lawsuit—namely, all of MarOpCo and its affiliates' data.  The trial court acquiesced and gave Plaintiffs the *res* of the lawsuit.  In doing so, the trial court plainly violated basic discovery guidelines and abused its discretion.

## III.   The trial court abused its discretion by ordering irrelevant discovery that Plaintiffs never requested.

A trial court abuses its discretion in compelling production that was never requested.  *In re Master Flo Valve*, 485 S.W.3d 207, 221 (Tex. App.—Houston [14th Dist. 2016, orig. proceeding) (citing *In re Lowe's Cos., Inc.*, 134 S.W.3d 876, 880 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding)).

The trial court's order requires the production of mirror images of all of the electronic storage devices that the special master possesses.  App. 1-2; R. at 2084-85.  According to the special master, those devices include 7,010 discrete documents that post-date June 11, 2015:

**Deduplicated Data Volumes (by date ranges and file types)**

| Date Ranges | EMAIL | Word Processed Documents | PowerPoints | Spreadsheets | PDF |
|---|---|---|---|---|---|
| All Dates | 131,474 | 6,857 | 210 | 3,546 | 18,135 |
| Post 5/29/2014 | 7,846 | 3,175 | 66 | 1,719 | 2,936 |
| Post 8/14/2014 | 6,260 | 3,080 | 53 | 1,637 | 2,831 |
| Post 10/3/2014 | 5,043 | 3,068 | 53 | 1,610 | 2,654 |
| Post 12/12/2014 | 4,150 | 3,051 | 53 | 1,588 | 2,546 |
| Post 2/28/2015 | 2,925 | 3,025 | 53 | 1,528 | 2,370 |
| Post 6/11/2015 | 473 | 2,987 | 53 | 1,473 | 2,024 |

Post [date] means the item Sent Date for e-mail messages and the Last Modified Date for other items.

R. at 1613.  MarOpCo terminated Preston's employment on June 11, 2015, which is why Plaintiffs' requests were limited to data in MarOpCo's Houston office as of June 11, 2015.  App. 40, 57-58; R. at 545, 565; *see also* R. at 629-30, 1307.  Not only does the trial court's order exceed Plaintiffs' requests, but it would also give Plaintiffs data created after Preston's termination.  Even if Plaintiffs had requested that data—which they did not—the post-June 11, 2015 data is irrelevant to Plaintiffs claims.  Thus, the trial court's compelled production of 7,010 irrelevant data files that Plaintiffs never requested—and could never request—is a clear abuse of discretion.  *See In re Master Flo Valve*, 485 S.W.3d at 219.

### PRAYER FOR RELIEF

This Court should grant MarOpCo's petition for a writ of mandamus, direct the trial court to vacate its June 17, 2016 order for the reasons stated in this Petition, remand for proceedings consistent with that ruling, and grant all such other relief as to which MarOpCo may be justly entitled.

Respectfully submitted,

BECK REDDEN LLP

By:  */s/   Russell S. Post*
  Russell S. Post
  State Bar No. 00797258
  rpost@beckredden.com
  John S. Adcock
  State Bar No. 00790206
  jadcock@beckredden.com
1221 McKinney, Suite 4500
Houston, TX  77010
(713) 951-3700
(713) 951-3720 (Fax)

LYNN PINKER COX & HURST, LLP
  David S. Coale
  State Bar No. 00787255
  dcoale@lynnllp.com
  Elizabeth Y. Ryan
  State Bar No. 24067758
  eryan@lynnllp.com
2100 Ross Avenue, Suite 2700
Dallas, TX  75201
(214) 981-3800
(214) 981-3839 (Fax)

**COUNSEL FOR RELATOR,
MAROPCO, INC.**

**NOTICE OF REQUEST FOR TEMPORARY RELIEF**

The undersigned certifies that Relator has made a diligent effort to notify counsel for the Real Parties in Interest that Relator is filing a petition for writ of mandamus that is accompanied by a motion for temporary relief.  Relator notified counsel for Real Parties in Interest about the request for temporary relief on this the 21st day of June, 2016.

*/s/ Trey Cox*
Trey Cox


**RULE 52.3(J) CERTIFICATION**

I have reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.

*/s/ Trey Cox*
Trey Cox

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2016, a true and correct copy of the above and foregoing Petition for Writ of Mandamus was forwarded to all counsel of record via efiling, if registered for electronic service, otherwise by email, and to Respondent, by hand delivery, as follows:

Paul J. Dobrowski
pjd@doblaw.com
C. Davis Bradford
dbradford@doblaw.com
Akilah F. Craig
acraig@doblaw.com
DOBROWSKI, LARKIN & JOHNSON LLP
4601 Washington Ave., Suite 300
Houston, TX  77007
*Counsel for Real Parties in Interest, Preston Marshall and Rusk Capital Management, LLC*

Mark Siurek
msiurek@warrensiurek.com
Patricia Haylon
thaylon@warrensiurek.com
WARREN & SIUREK, L.L.P.
3334 Richmond Avenue, Suite 100
Houston, TX  77098
*Counsel for Real Parties in Interest, Preston Marshall and Rusk Capital Management, LLC*

Jeffrey W. Chambers
jeffchambers@chambers-law-group.com
CHAMBERS LAW FIRM
2929 Allen Parkway, Suite 200
Houston, TX  77019
*Counsel for Real Parties in Interest, Preston Marshall and Rusk Capital Management, LLC*

*By Hand Delivery*
Honorable Mike D. Miller
Judge, 11th District Court
Harris County Civil Courthouse
201 Caroline, 9th Floor
Houston, TX  77002
*Respondent*

L. Bradley Hancock
brad.hancock@hklaw.com
Christopher David Johnsen
chris.johnsen@hklaw.com
A. Kristi White
kristi.white@hklaw.com
HOLLAND & KNIGHT LLP
1100 Louisiana Street, Suite 4300
Houston, TX  77002
*Counsel for Defendants Edwin K. Hunter and Hunter, Hunter & Sonnier, L.L.C. in the Trial Court*

Ashish Mahendru
amahendru@thelitigationgroup.com
Darren A. Braun
dbraun@thelitigationgroup.com
MAHENDRU, P.C.
639 Heights Boulevard
Houston, TX  77007
*Counsel for Defendants Edwin K. Hunter and Hunter, Hunter & Sonnier, L.L.C. in the Trial Court*

27

John T. Cox III
tcox@lynnllp.com
Christopher J. Akin
cakin@lynnllp.com
Kent D. Krabill
kkrabill@lynnllp.com
Russell G. Herman
rherman@lynnllp.com
LYNN PINKER COX & HURST, LLP
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
(214) 981-3800
(214) 981-3839 (Fax)
***Counsel for MarOpCo, Inc.***
***In the Trial Court***

David J. Beck
State Bar No. 00000070
dbeck@beckredden.com
Jeff M. Golub
State Bar No. 00793823
jgolub@beckredden.com
BECK REDDEN LLP
1221 McKinney, Suite 4500
Houston, TX 77010
(713) 951-3700
(713) 951-3720 (Fax)
***Counsel for Defendant E. Pierce***
***Marshall, Jr. in the Trial Court:***

Michael Reese Davis
mdavis@hymeldavis.com
HYMEL DAVIS & PETERSEN, LLC
10602 Coursey Boulevard
Baton Rouge, LA 70816
***Counsel for MarOpCo, Inc.***
***In the Trial Court***

/s/ Russell S. Post
Russell S. Post

28

**No.** _____

## IN THE FIRST COURT OF APPEALS
## HOUSTON, TEXAS

_____

## *IN RE MAROPCO, INC.,*
*Relator.*

_____

**Original Proceeding from the 11th District Court,**
**Harris County, Texas, Trial Court Cause No. 2015-35950**
**The Honorable Mike D. Miller, Presiding**

_____

# APPENDIX TO
# PETITION FOR WRIT OF MANDAMUS

_____

Order Granting Plaintiffs' Motion to Compel ........................ App. 1-21

MarOpCo, Inc.'s Responses and Objections
to Plaintiffs' Third Set of Requests for Production .............. App. 22-40

MarOpCo, Inc.'s Responses and Objections
to Plaintiffs' Fourth Set of Requests for Production ............ App. 41-65

6/13/2016 3:35:51 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 11116820
By: DE LA ROSA, GABRIELA
Filed: 6/13/2016 1:44:33 PM

Pgs-21

CPROZ

### CAUSE NO 2015-35950

| | | |
|---|---|---|
| PRESTON MARSHALL, INDIVIDUALLY and RUSK CAPITAL MANAGEMENT, L.L.C., | § § § | IN THE DISTRICT COURT |
| *Plaintiffs*, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| MAROPCO, INC., E. PIERCE MARSHALL, JR., EDWIN K. HUNTER, HUNTER, HUNTER & SONNIER, LLC | § § § | |
| *Defendants*. | § | 11th JUDICIAL DISTRICT |

### PROPOSED ORDER

**the Production of Documents and**

On this day, came to be considered Plaintiffs' Motion to Compel ~~and Allocate~~ Data (the

"Motion"). Having considered the Motion, the response thereto, any replies, and the argument of

counsel, the Court is of the opinion that the Motion should be GRANTED in part. It is therefore:

**seven (7)**                          **MarOpCo receiving notice of**
ORDERED that, within ~~five (5) business~~ days of this Order, MarOpCo, Inc. must provide

all flash drives that were removed from Preston Marshall's desk located at 7600 Tidwell, Suite

800, Houston, Texas 77040, that were placed in storage facilities in Dallas, Texas and referenced

in paragraph 80 of the Motion to CyberEvidence, Inc. in the Woodlands, Texas ("Storage Flash

Drives").

ORDERED that, after promptly conducting the procedure set forth below regarding

treatment of privileged communications, CyberEvidence, Inc. shall provide forensic images of

the following to Plaintiffs and Defendants in an expeditious manner:

(1) the Computer Equipment, as that term is defined in the Amended Order Appointing

Special Master (attached hereto as *Ex. 1*) and

(2) the flash drives forwarded to CyberEvidence on March 14, 2016 (the "March 14,

2016, Flash Drives"), evidenced by the attached chain of custody document (*Ex. 2*), and

**App. 001**

(3) the flash drive Preston Marshall submitted to CyberEvidence on or about April 7, 2016, ("Preston's Personal Flash Drive"), and

(4) the Storage Flash Drives.

The Computer Equipment, the March 14, 2016, Flash Drives, Preston's Personal Flash Drive, and the Storage Flash Drives are collectively referred to herein as "Data Residing at CyberEvidence."

ORDERED that, prior to providing forensic images of the Data Residing at CyberEvidence to Plaintiffs and Defendants, CyberEvidence, Inc. shall conduct a privilege screen using the attorney information chart provided by MarOpCo, Inc. (attached hereto as *Ex. 3*) and Plaintiffs (attached hereto as *Ex. 4*) and:

- The forensic image(s) provided to Plaintiffs shall not include documents and communications to and/or from attorneys listed exclusively in MarOpCo's attorney information chart (*Ex. 3*). This includes the attorneys that represent or represented MarOpCo in the present litigation—Blank Rome LLP, Lynn Pinker Cox & Hurst, LLP, and Hymel Davis & Petersen, LLC.

- The forensic images provided to Plaintiffs shall not include any documents and communications to and/or from Edwin K. Hunter and/or Hunter Hunter & Sonnier, LLC, including Edwin F. Hunter, III, Bradley Trevino, Shayna Sonnier, and any other past or present attorneys and/or employees of Edwin Hunter and/or Hunter, Hunter & Sonnier, LLC (collectively the "Hunter Parties"). The Court does not find that documents and communications to and/or from, referencing, concerning, or otherwise

Certified Document Number: 70688330 - Page 2 of 21

2

relating to the Hunter Parties are privileged against Preston Marshall. Preston Marshall does not have to return any documents sent to or from the Hunter Parties that are currently in his possession. The Court is merely allowing MarOpCo to present a privilege log of any communications sent to or from the Hunter Parties that are currently within the Data Residing at CyberEvidence before the Court makes a final ruling on whether or not said documents are privileged against Preston Marshall, MarOpCo, Pierce, Jr., and/or others.

- Copies of all documents retrieved in MarOpCo's privilege screen shall be sent *only* to MarOpCo.

- The forensic image(s) provided to Defendants shall not include documents and communications to and/or from and/or referencing attorneys listed exclusively in Plaintiffs' attorney information chart (*Ex. 4*). This includes, but is not limited to, Dobrowski, Larkin & Johnson, LLP, The Chambers Law Group, Warren & Siurek, and communications with Kenneth Michael Wright.

- Copies of all documents retrieved in Plaintiffs' privilege screen shall be sent *only* to Plaintiffs.

MarOpCo, Inc. shall have thirty (30) ~~twenty (20)~~ days from the date of receipt of the forensic images to file a motion with supporting affidavits to prove that it is the sole owner of the documents and/or communications by and between the attorneys listed on MarOpCo, Inc.'s attorney information chart. Plaintiffs shall have thirty (30) ~~twenty (20)~~ days from the date of receipt of the forensic images to file a motion with supporting affidavits to prove that they are the sole owners

3

of the documents and/or communications by and between the attorneys listed on Plaintiffs' attorney information chart. If no motion is filed or this Court determines that the party has not met its burden, such documents and communications shall be provided to Plaintiffs, MarOpCo, Inc., and possibly E. Pierce Marshall, Jr.

Plaintiffs, MarOpCo, Inc., and E. Pierce Marshall, Jr. shall enter into a Confidentiality Agreement/Agreed Protective Order within three (3) business days of the execution of this Order. All documents produced to all parties from the Data Residing at CyberEvidence shall be subject to said Confidentiality Order/Agreed Protective Order.

This Order is only a discovery order. This Order is not and shall not be used or construed as a determination of ownership of the Data Residing at CyberEvidence. Nor does this Order allow any party a right of permanent access to the Data Residing at CyberEvidence.

SIGNED this _____ day of June, 2016.

Signed:
6/17/2016

JUDGE PRESIDING

Certified Document Number: 70688330 - Page 4 of 21

4

P3

MODIX.

**CAUSE NO. 2015-35950**

| | |
|---|---|
| PRESTON MARSHALL, INDIVIDUALLY AND RUSK CAPITAL MANAGEMENT, L.L.C., | § § § IN THE DISTRICT COURT OF |
| Plaintiffs, | § § |
| v. | § § HARRIS COUNTY, TEXAS |
| MAROPCO, INC., E. PIERCE MARSHALL, JR., EDWIN K. HUNTER, AND HUNTER, HUNTER & SONNIER, LLC, | § § § § § |
| Defendants. | § § |

F I L E D
Chris Daniel
District Clerk
FEB - 8 2016
Time:
Harris County, Texas
By
Deputy 11TH JUDICIAL DISTRICT

---

### AMENDED ORDER APPOINTING SPECIAL MASTER

---

1. This Amended Order Appointing Special Master amends and replaces the Court's January 21, 2016 Order Appointing Special Master.

2. The duties of the Special Master are as follows: (1) to assist the Court in expeditiously determining to whom to allocate the data and information on the following devices currently in the possession of CyberEvidence [the HP Pro Liant ML350e Gen8V2 (Serial Number USE423OV3W; the HP ProOne 600 (Serial Number MXL4230RPW); HP ProOne 600 with a/c cord (Serial Number MXL4230RPW; the HP Elite Book Workstation with adaptor (Serial Number CNU319B2GC; the UBS Flash Drive Generic 4GB Black; and 2 power cords, 2 mice, 1 USB, 1Ps2, and 1 USB keyboard], as well as the following devices and equipment currently in the possession of Susan Bickley: 1 Seagate External Hard Drive (Model Number SRD0052, Serial Number NA7EDD9R; and the HP Proliant ML370 (Serial Number D328LOH71H116) (collectively, the "Computer Equipment") as well as any device, flashdrive, equipment or image taken of or from the Computer Equipment, including any equipment subsequently delivered to counsel pursuant to the January 19, 2016 Protective Order. The Special Master shall have no responsibility or authority for making any rulings or determinations relating to the ownership of any Computer Equipment; and (2) to run computer forensic tests on the Computer Equipment as specified in paragraph 3. The parties agree that the Special Master's inability to rule with respect to ownership of the Computer Equipment shall not be a basis for any parties' objection to the Special Master's ruling on allocation of data between or among the parties;

3. Although this is putatively a wrongful termination case, in the seven months it has been on file the majority of the parties' considerable legal efforts have been devoted to ownership rights to the Computer Equipment and disputes relating to the information and data stored on the Computer Equipment. Although an agreement was reached to put the equipment identified in

Certified Document Number: 70688330 - Page 5 of 21
Certified Document Number: 68919238 - Page 1 of 3

AMENDED ORDER APPOINTING SPECIAL MASTER                                        PAGE 1



RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**EXHIBIT 1**

**App. 005**

paragraph 2 in the possession of CyberEvidence while the parties attempted to reach agreement on these issues, resolution does not appear to be forthcoming. On December 21, 2015, the Court heard Plaintiffs' Motion to Compel production of a forensic image of the HP Pro Liant ML350e Gen8V2 (Serial Number USE423OV3W), which was in use at MarOpCo's Houston office when Plaintiff Preston Marshall was terminated in June 2015. MarOpCo contends Plaintiffs should no longer be permitted access to Defendant's records, software, data, information, and emails sent or received on a MarOpCo.com email domain since he has been terminated. The Court believes a Special Master is necessary to assist in resolving this given the potential for extensive commingling of data, software, and communications on the Computer Equipment. The parties do not dispute that Plaintiffs used certain of the Computer Equipment for several entities for which Plaintiff Preston Marshall had varying degrees of responsibility, and that Plaintiff Preston Marshall also used certain of the Computer Equipment. In addition, Plaintiff Preston Marshall used the MarOpCo.com email domain to send and receive communications with attorney Kenneth Michael Wright ("Wright"). The Special Master is instructed to determine through forensic examination of the Computer Equipment on which device or devices the MarOpCo.com emails between Plaintiff Preston Marshall and Wright resided and to determine when such emails were reviewed and by whom.

4.      It is important to note that in the Court's view this is not primarily a discovery dispute, but rather a matter of separating commingled hardware, software, databases, and communications on the Computer Equipment so that each party has appropriate access to that to whom it belongs. For these reasons, the Court has determined that this matter is an exceptional case within the meaning of TEX. R. CIV. P. 171 and good cause exists for this appointment. Moreover, the matters within the purview of the Special Master cannot be effectively and timely addressed by this Court.

5.      The Court contemplates that such investigation may entail inquiry concerning, and examination of the Computer Equipment, such as review and examination of information systems, databases, email files, forensic acquisition and examination of electronic storage media on such Computer Equipment. The Court further contemplates that the Special Master may consult with the parties' current and former employees (so long as counsel for such party is allowed to participate) relating to the Computer Equipment.

6.      A further duty of this Special Master is to assist and, when necessary, direct the parties in completing required identification, preservation, recovery and discovery of electronically stored information residing on the Computer Equipment with reasonable dispatch and efficiency.

7.      The Special Master is granted the full rights, powers, and duties afforded by TEX. R. CIV P. 171 and may adopt such procedures as are not inconsistent with that Rule or with this or other Orders of the Court. The Special Master shall be empowered to communicate on an *ex parte* basis with a party or the Court for purposes of seeking to maintain the confidentiality of privileged, trade secret or proprietary information residing on the Computer Equipment or for routine scheduling and other matters that do not concern the merits of the parties' claims. The Special Master may communicate with the Court *ex parte* on all matters as to which the Special Master has been empowered to act.

Certified Document Number: 70688330 - Page 6 of 21
Certified Document Number: 68919238 - Page 2 of 3

8.      The Special Master shall regularly file a written report, in such format he deems most helpful, identifying his activities and the status of matters within his purview. The report should identify outstanding issues, with particular reference to matters requiring Court action.

9.      Each side is ordered to designate a lead attorney and a lead technical individual as contacts for the Special Master. These designees shall have sufficient authority and knowledge to make commitments and carry them out to allow the Special Master to accomplish his duties, but the designees nonetheless shall be provided a reasonable opportunity to confer with their respective clients. The parties are directed to promptly provide the Special Master with access to the Computer Equipment and to instruct CyberEvidence to provide the Special Master with access to the Computer Equipment.

10.     Solely for data residing on the Computer Equipment, disclosure of privileged or protected information in connection with the litigation to the Special Master shall not be a waiver of privilege or a right of protection in this cause and is also not a waiver in any other Federal or State proceeding; accordingly, a claim of privilege or protection may not be raised as a basis to resist such disclosure to the Special Master of data or information residing on the Computer Equipment.

11.     The Court will decide *de novo* all objections to findings of fact or conclusions of law made by the Special Master. Any order, report or recommendation of the Special Master, unless it involves a finding of fact or conclusion of law, will be deemed a ruling on a procedural matter. The Court will set aside a ruling on a procedural matter only where it is clearly erroneous or contrary to law.

12.     The Special Master's compensation, as well as any costs and expenses, will be paid by Plaintiffs and MarOpCo. Mr. Ball shall be compensated at his usual and customary rate of $550 per hour, including time spent in transit or otherwise in connection with this appointment, provided however that travel time will be paid at one-half (50%) of the usual and customary rate unless substantive work, research or discussions in support of the engagement are performed while travelling, in which case such activities will be paid at the usual and customary rate. The Special Master shall submit to both parties invoices for services performed according to his normal billing cycle and Plaintiffs and MarOpCo shall each pay 50% of such invoices within thirty (30) days of receipt.

SIGNED February  8  , 2016.

PRESIDING JUDGE

4817-7695-0829, v. 1

AMENDED ORDER APPOINTING SPECIAL MASTER                                    PAGE 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 9, 2016

Certified Document Number:          68919238 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Certified Document Number: 70688330 - Page 8 of 21

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



**Physical Evidence Chain of Custody**

Date: March 14, 2016

Client Name: **Dobrowski, Larkin & Johnson LLP**          Case Number: **CE15071601 - R**

| | Item | Item Description (S/N, Model #) | Item Conditio |
|---|---|---|---|
| 010 | 1 | Flashdrive: Draft MOP Idzig – Articles of Organization | X Good ☐ Worn<br>Details: |
| 011 | 2 | Flashdrive: MPI Bylaws and minutes of meetings – Lyosome 2006 – 2009 | X Good ☐ Worn<br>Details: |
| 012 | 3 | Flashdrive: New Stock Certificates | X Good ☐ Worn<br>Details: |
| 013 | 4 | Flashdrive: Stock Certificates | X Good ☐ Worn<br>Details: |
| 014 | 5 | Flashdrive: Mial L&P Engagement Letters | X Good ☐ Worn<br>Details: |
| 015 | 6 | Flashdrive: A/P invoices for approval; RCM Employment Agreement – Employee Confidential Information and Inventions Agreement – Disclaimer Form | X Good ☐ Worn<br>Details: |
| 016 | 7 | Flashdrive: copies of disputed files from Items 1-6 above (flashdrives found in Eyvonne Scurlock's desk) | X Good ☐ Worn<br>Details: |

| Relinquished By | Signature | Date/Time | Received By | |
|---|---|---|---|---|
| Chris Akin | *[signature]* | 3/14 12:04 prs | Mach 5 Courier | |
| Mach 5 Courier | | 3/14/2016 13:58 | David Brown | |
| | | | | |
| | | | | |

CEF009

**EXHIBIT 2**

## MarOpCo, Inc. Privilege Screen Chart

| Name | Email address | Email domain |
|---|---|---|
| Susan L. Bickley | sbickley@blankrome.com | blankrome.com |
| Barry Abrams | Babrams@blankrome.com | blankrome.com |
| Joshua Huber | jhuber@blankrome.com | blankrome.com |
| Julie Seifert | jseifert@blankrome.com | blankrome.com |
| Paula Henry | phenry@blankrome.com | blankrome.com |
| Penny Johnson | pjohnson@blankrome.com | blankrome.com |
| | | |
| Christopher J. Akin | cakin@lynnllp.com | lynnllp.com |
| John T. Cox III | tcox@lynnllp.com | lynnllp.com |
| Marci Garner | mgarner@lynnllp.com | lynnllp.com |
| Wendy Cassidy | wcassidy@lynnllp.com | lynnllp.com |
| Jonathan R. Patton | jpatton@lynnllp.com | lynnllp.com |
| Tana Laden | tmladen@lynnllp.com | lynnllp.com |
| | | |
| Sydney Lowe | SLowe@hymeldavis.com | hymeldavis.com |
| Tim Hartdegen | THartdegen@hymeldavis.com | hymeldavis.com |
| Michael Reese Davis | MDavis@hymeldavis.com | hymeldavis.com |
| Ryan M. Falgoust | rfalgoust@hymeldavis.com | hymeldavis.com |
| Jessica Bragg | jbragg@hymeldavis.com | hymeldavis.com |
| Cary Williams | cwilliams@hymeldavis.com | hymeldavis.com |
| Janet Seamon | jseamon@hymeldavis.com | hymeldavis.com |
| | | |
| Rusty Hardin | rustyhardin@rustyhardin.com | rustyhardin.com |
| Jennifer Brevorka | jbrevorka@rustyhardin.com | rustyhardin.com |
| Shannon Campbell | scampbell@rustyhardin.com | rustyhardin.com |
| Bridget Daspit | bdaspit@rustyhardin.com | rustyhardin.com |
| Sandra Dominguez | sdominguez@rustyhardin.com | rustyhardin.com |
| Andy Drumheller | adrumheller@rustyhardin.com | rustyhardin.com |
| Marilyn Emsweler | unknown | rustyhardin.com |
| Bob Galatas | bgalatas@rustyhardin.com | rustyhardin.com |
| Kristin Hagen | khagen@rustyhardin.com | rustyhardin.com |
| Cathy Herasimchuk | cherasimckuj@rustyhardin.com ccochran@rustyhardin.com | rustyhardin.com |
| Stella Jares | sjares@rustyhardin.com stella.jares@rustyhardin.com | rustyhardin.com |
| Terry Kernell | tkernell@rustyhardin.com | rustyhardin.com |
| Lyn Mayer | lmayer@rustyhardin.com | rustyhardin.com |
| Jeremy Monthy | jmonthy@rustyhardin.com | rustyhardin.com |

Certified Document Number: 70688330 - Page 10 of 21

**EXHIBIT 3**

| | | |
|---|---|---|
| Bettina Richardson | unknown | rustyhardin.com |
| Linda Riley | lriley@rustyhardin.com | rustyhardin.com |
| Joe Roden | jroden@rustyhardin.com | rustyhardin.com |
| Rick Taylor | rtaylor@rustyhardin.com | rustyhardin.com |
| Bob Wynne | bwynne@rustyhardin.com | rustyhardin.com |
| | | |
| Phillip DeVilbiss | pdevilbiss@sgpgl.com | sgpgl.com |
| Scott J. Scofield | scott@sgpgl.com | sgpgl.com |
| Robert Landry | rlandry@sgpgl.com | sgpgl.com |
| Peter Pohorelsky | pete@sgpgl.com | sgpgl.com |
| Andrea Crawford | acrawford@sgpgl.com | sgpgl.com |
| Stacy Wheat, nee Lovejoy | swheat@sgpgl.com slovejoy@scofieldgerard.com | sgpgl.com |
| Amanda St. Mary | astmary@sgpgl.com | sgpgl.com |
| Robin Baudoin | rbaudoin@sgpgl.com | sgpgl.com |
| Natalie Wall | nwall@sgpgl.com | sgpgl.com |
| Ruth Manuel | rmanuel@sgpgl.com | sgpgl.com |
| Joanna Duncan | jduncan@sgpgl.com | sgpgl.com |
| Nancy Thomas | nthomas@sgpgl.com | sgpgl.com |
| | | |
| Bradley J. Trevino | btrevino@hunterlaw.com | hunterlaw.com |
| Shayna Sonnier | SSonnier@hunterlaw.com | hunterlaw.com |
| Edwin K. Hunter | EKHunter@hunterlaw.com | hunterlaw.com |
| Edwin F. Hunter III | EFHunter@hunterlaw.com | hunterlaw.com |
| Cherry Wicker | cherry@hunterlaw.com | hunterlaw.com |
| Ryan Moon | rmoon@hunterlaw.com | hunterlaw.com |
| Thomas Glynn Blazier | | |
| Peggy Morgan | peggy@hunterlaw.com | hunterlaw.com |
| | | |
| S. Gene Fendler | sgfendler@liskow.com | liskow.com |
| Carey Menasco | clmenasco@liskow.com | liskow.com |
| Lacey G. Rockester | lrochester@liskow.com | liskow.com |
| Philip K. Jones, Jr. | pkjones@liskow.com | liskow.com |
| | | |
| Todd Clemons | marcus@toddclemons.com | toddclemons.com |
| Marcus L. Meyers | | toddclemons.com |
| | | |
| Gus Tamborello | gus@tamborellolaw.com | tamborellolaw.com |
| | | |
| Thomas N. Long | tlong@lrw-law.com | lrw-law.com |

Certified Document Number: 70688330 - Page 11 of 21

| Nathan White | nathan.white@weil.com | weil.com |
|---|---|---|
| T. Ray Guy | ray.guy@weil.com | weil.com |
| Karen Lahrman | karen.lahrman@weil.com | weil.com |
| Karen O'Halloran | karen.OHalloran@weil.com | weil.com |
| Seth Jaskoviak | Seth.Jaskoviak@weil.com | weil.com |
| | | |
| Don Jackson | donjackson@warejackson.com | warejackson.com |
| Jay Nelson | jaynelson@warejackson.com | warejackson.com |
| Jeff Chamers | jeffchamers@warejackson.com | warejackson.com |
| Tim Lee | timlee@warejackson.com | warejackson.com |
| Monie Walters | moniewalters@warejackson.com | warejackson.com |
| Libby Conway | libbyconway@warejackson.com | warejackson.com |
| Alma Brown | almabrown@warejackson.com | warejackson.com |
| Jeff Diamant | jeffdiamant@warejackson.com | warejackson.com |
| | | |
| Robert MacIntyre | macintyre@mmlawtexas.com | mmlawtexas.com |
| | | |
| David Holman | newdavewally@yahoo.com | yahoo.com |
| | | |
| G. Eric Brunstad, Jr. | Eric.brunstad@dechert.com | dechert.com |
| | brunstad@bingham.com | bingham.com |
| Kate O'Keeffe | Kate.o'keeffe@dechert.com | dechert.com |
| Collin Udell | Collin.O'ConnorUdell@dechert.com | dechert.com |
| Faith Knowlton | Faith.knowlton@dechert.com | dechert.com |
| | | |
| William Heuer | wheuer@duanemorris.com | duanemorris.com |
| | | |
| Roy Englert | renglert@robbinsrussell.com | robbinsrussell.com |
| | | |
| Emily Parker | Emily.parker@tklaw.com | tklaw.com |
| Eric Reis | Eric.reis@tklaw.com | tklaw.com |
| | | |
| Nicola Hanna | NHanna@gibsondunn.com | gibsondunn.com |
| | | |
| Jim Gibson | JimGibson@AllenGooch.com | allengooch.com |
| | | |
| Craig Goldblatt | Craig.goldblatt@wilmerhale.com | wilmerhale.com |
| | | |
| Julia Rider | JRider@jmbm.com | jmbm.com |
| Joseph Eisenberg | jae@jmbm.com | jmbm.com |

## PLAINTIFFS' PRIVILEGE SCREEN CHART

| Firm Name/Organization | Firm Domain | Attorney Name(s) | Attorney |
|---|---|---|---|
| | Js-llp.com | Christine Wattigney | cwattigney@js-llp. |
| | Grass.com | Gayle Robertson Woodum | gayle@grass.com |
| | bresnan.net | Lloyd Barrie | lbarrie@bresnan.ne |
| | Att.net | T. Glynn Blazier | tgblazier@att.net |
| | Hal-pc.org | Jack Hardin | jhardin@hal-pc.org |
| Alexander Dubose | Adjtlaw.com | Kevin H. Dubose | kdubose@adjtlaw.c |
| Allen & Gooch | Allengooch.com | Becky Sawyer | BeckySawyer@alle |
| Allen & Gooch | Allengooch.com | Charles M. Kreamer | CharlesKreamer@a |
| Allen & Gooch | Allengooch.com | Jim Gibson | JimGibson@alleng |
| Baker Botts | bakerbotts.com | John Porter | john.porter@bakerl |
| Baker Botts | bakerbotts.com | Jeff Watters | jeff.watters@baker |
| Baker Botts | bakerbotts.com | Teena Cantrell | Teena.Cantress@ba |
| Baker Botts | bakerbotts.com | Tom Phillips | tom.phillips@bakei |
| Baker Donelson Bearman Caldwell & Berkowitz | Bakerdonelson.com | Scott Welch | swelch@bakerdone |
| Baker Hostetler | Bakerlaw.com | David Rivkin | drivkin@bakerlaw. |
| Beck Redden | beckredden.com | Michael Richardson | MRichardson@bec |
| Beck Redden | beckredden.com | David Beck | dbeck@beckredden |
| Bingham Dana | Bingham.com | William C. Heuer | william.heuer@bin |
| Bingham Dana | Bingham.com | G. Eric Brunstad, Jr. | eric.brunstad@bing |
| Bingham Dana | Bingham.com | Francesca Lucia Miceli | francesca.miceli@b |
| Bingham Dana | Bingham.com | Robert A. Brundage | robert.brundage@b |

**EXHIBIT 4**

Certified Document Number: 70688330 - Page 13 of 21

| Firm Name/Organization | Firm Domain | Attorney Name(s) | Attorney |
|---|---|---|---|
| Bingham Dana | Bingham.com | Rheba Rutkowski | rheba.ruthowski@b |
| Bingham Dana | Bingham.com | Gina M. Palmieri | gina.palmieri@bing |
| Bush Kornfeld LLP | bskd.com | Gayle E. Bush | gbush@bskd.com |
| Bush Kornfeld LLP | bskd.com | Jay Kornfeld | jkornfeld@bskd.co |
| Cass & Associates, PC | Yahoo.com | Ron Cass | cassassociates@yah |
| Chambers Law Group | Chambers-law-group.com | Jeff Chambers (Jeffrey Chambers) | jeffchambers@char group.com |
| Chambers Law Group | Chambers-law-group.com | Amanda Chambers | amandaleonard@ch group.com |
| Chapman University | Chapman.edu | Ronald Rotunda | rrotunda@chapman |
| Crady Jewett | cjmlaw.com | Jay Houren | jhouren@cjmlaw.c |
| Crady Jewett | cjmlaw.com | Maria C. Ledezma Maria Ledezma | mledezma@cjmlaw |
| Crady Jewett | cjmlaw.com | Matthew Carver | mcarver@cjmlaw.c |
| Crady Jewett | cjmlaw.com | Teri M. Sain | tsain@cjmlaw.com |
| Crady Jewett | cjmlaw.com | Scott Brickner | sbrickner@cjmlaw. |
| Crady Jewett | cjmlaw.com | Elizabeth J. Patronella | epatronella@cjmlav |
| Crady Jewett | cjmlaw.com | Mary Lipscomb | mlipscomb@cjmlav |
| Crady Jewett | cjmlaw.com | Tracey Nettell | tracey@fullenweid |
| Crowley Fleck | crowleyfleck.com | Renee L. Coppock | rcoppock@crowley |
| Crowley Fleck | crowleyfleck.com | Jennilee Baewer | jbaewer@crowleyf |
| Crowley Fleck | crowleyfleck.com | Bryan P. Wilson | bwilson@crowleyf |
| Crowley Fleck | crowleyfleck.com | Mike S. Dockery | mdockery@crowle |
| Crowley Fleck | crowleyfleck.com | Alan C. Bryan | abryan@crowleyfle |
| Dechert | Dechert.com | Kate O'Keeffe | Kate.o'keeffe@dec |

Certified Document Number: 70688330 - Page 14 of 21

Certified Document Number: 70688330 - Page 15 of 21

| Firm Name/Organization | Firm Domain | Attorney Name(s) | Attorney |
|---|---|---|---|
| Dechert | Dechert.com | G. Eric Brunstad, Jr. | Eric.brunstad@dec |
| Dechert | Dechert.com | Faith Knowlton | Faith.knowlton@de |
| Dechert | Dechert.com | Collin Udell | Collin.o'connorude |
| Dechert | Dechert.com | Kathleen Tofts | Kathleen.tofts@dec |
| Dechert | Dechert.com | Susan Correia | Susan.correia@dec |
| Dobrowski, Larkin & Johnson LLP | Doblaw.onmicrosoft.com Doblaw.com | Paul Dobrowski | pjd@doblaw.com pjd@doblaw.onmic |
| Dobrowski, Larkin & Johnson LLP | Doblaw.onmicrosoft.com Doblaw.com | Fred Johnson (Frederick Johnson) | fjohnson@doblaw. fjohnson@doblaw. |
| Dobrowski, Larkin & Johnson LLP | Doblaw.onmicrosoft.com Doblaw.com | Akilah Craig | acraig@doblaw.on acraig@doblaw.cor |
| Dobrowski, Larkin & Johnson LLP | Doblaw.onmicrosoft.com Doblaw.com | Davis Bradford (C. Davis Bradford / Charles David Bradford) | dbradford@doblaw dbradford@doblaw |
| Dobrowski, Larkin & Johnson LLP | Doblaw.onmicrosoft.com Doblaw.com | Joyce Schmutzer | jschmutzer@dobla jschmutzer@dobla |
| Dobrowski, Larkin & Johnson LLP | Doblaw.onmicrosoft.com Doblaw.com | Andrea Banda (Andrea Sullivan) | abanda@doblaw.or asullivan@doblaw. abanda@doblaw.cc |
| Dobrowski, Larkin & Johnson LLP | Doblaw.onmicrosoft.com Doblaw.com | Anthony Arteaga | aaa@doblaw.onmic aaa@doblaw.com |
| Dobrowski, Larkin & Johnson LLP | Doblaw.onmicrosoft.com Doblaw.com | Jennifer Bass | jbass@doblaw.com |
| Eastland Firm | eastlandfirm.com | S. Gardner Eastland | gardner@eastlandfi |
| Foulston Siefkin | Foulston.com | Harvey Sorensen | hsorensen@foulsto |
| Foulston Siefkin | Foulston.com | Jim Armstrong | jarmstrong@foulst |
| Foulston Siefkin | Foulston.com | Misty Bush | mbush@foulston.c |

3

**App. 015**

| Firm Name/Organization | Firm Domain | Attorney Name(s) | Attorne: |
|---|---|---|---|
| George Mason University | Gmu.edu | Todd J. Zywicki | tzywick2@gmu.ed |
| Gethals, Hunnes & Reuss P.C. | ghrlawfirm.com | Joel Guthals | jeguthals@ghrlawf |
| Gibson Dunn | Gibsondunn.com | Nicola T. Hanna | NHanna@gibsondu |
| Gibson Dunn | Gibsondunn.com | Maura M. Logan | MLogan@gibsond |
| Gibson Dunn | Gibsondunn.com | Jacquelyne E. Murray | JMurray@gibsond |
| Gibson Dunn | Gibsondunn.com | Teresa Stephens | TStephens@gibsor |
| Goetz, Baldwin & Geddes P.C. | goetzlawfirm.com | Bonnie Jarrett | bjarrett@goetzlawf |
| Goetz, Baldwin & Geddes P.C. | goetzlawfirm.com | James H. Goetz | jim@goetzlawfirm |
| Goetz, Baldwin & Geddes P.C. | goetzlawfirm.com | Karen Schultz | kschultz@goetzlaw |
| Horrigan and Goehrs | Horrgoehrs.com | Carol Lee | c.lee@horrgoehrs.c |
| Horrigan and Goehrs | Horrgoehrs.com | Linda Goehrs | l.goehrs@horrgoeh |
| Horrigan and Goehrs | Horrgoehrs.com | Rudolph Culp | rmc@horrgoehrs.c |
| Hunter, Hunter and Sonnier Hunter and Blazier | hunterlaw.com att.blackberry.com mycingular.blackberry.net sprint.blackberry.ne | Edwin K. Hunter Edwin Hunter Edwin | edhunter@hunterla hunterek@att.black ekhunter@mycingu edwinkhunter@spr |
| Hunter, Hunter and Sonnier Hunter and Blazier | hunterlaw.com | Melissa | Melissa@hunterlav |
| Hunter, Hunter and Sonnier Hunter and Blazier | hunterlaw.com | Cherry Wicker Cherry Wicker | cwicker@hunterlav cherry@hunterlaw. |
| Hunter, Hunter and Sonnier Hunter and Blazier | hunterlaw.com | Brad Trevino | btrevino@hunterla |
| Hunter, Hunter and Sonnier Hunter and Blazier | hunterlaw.com | Glynn Blazier | tgblazier@hunterla |
| Hunter, Hunter and Sonnier Hunter and Blazier | hunterlaw.com | Shayna Sonnier | SSonnier@hunterla |

4

App. 016

Certified Document Number: 70688330 - Page 17 of 21

| Firm Name/Organization | Firm Domain | Attorney Name(s) | Attorney |
|---|---|---|---|
| Hunter, Hunter and Sonnier Hunter and Blazier | Hunterlaw.com | Ryan Moon | rmoon@hunterlaw. |
| Hunter, Hunter and Sonnier Hunter and Blazier | Hunterlaw.com Mycingular.blackberry.net | Edwin F. Hunter Edwin Ford | EFHunter@hunterl efhunter@mycingu |
| Hunter, Hunter and Sonnier Hunter and Blazier | Hunterlaw.com | Judy | judy@hunterlaw.cc |
| Hunter, Hunter and Sonnier Hunter and Blazier | Hunterlaw.com | Lisa Tygrett | ltygrett@hunterlaw |
| Hunter, Hunter and Sonnier Hunter and Blazier | Hunterlaw.com | Wanda Borel | wborel@hunterlaw |
| Hunter, Hunter and Sonnier Hunter and Blazier | Hunterlaw.com | Paige Louviere | paige@hunterlaw.c |
| Hunter, Hunter and Sonnier Hunter and Blazier | Hunterlaw.com | Peggy Morgan | peggy@hunterlaw. |
| Hunter, Hunter and Sonnier Hunter and Blazier | Hunterlaw.com | Vivian Morein | Vivian@hunterlaw |
| Jeffer Mangels | JMBM.com | Julia J. Rider | JJR@JMBM.com |
| Jeffer Mangels | JMBM.com | Joseph Eisenberg | JAE@JMBM.com |
| Johnson Trent | JohnsonTrent.com | Deborah J. Fritsche | dfritsche@Johnson |
| Johnson Trent | JohnsonTrent.com | Lori Hood | lhood@JohnsonTre |
| Johnson Trent | JohnsonTrent.com | Stanley Wagner | swagner@Johnson |
| Kalvig Law Firm, P.C. | kalviglaw.com | Lisa Pooler | lisa@kalviglaw.cor |
| Kalvig Law Firm, P.C. Kalvig & LeDuc, P.C. | kalviglaw.com | Ken Kalvig | ken@kalviglaw.cor |
| Karr Tuttle Campbell | karrtuttle.com | Diana K. Carey | DCarey@karrtuttle |
| Kenneth Michael Wright, LLC | Gmail.com | Kenneth Michael Wright (Mike Wright/Ken Wright) | kmwright@gmail.c |

| Firm Name/Organization | Firm Domain | Attorney Name(s) | Attorney |
|---|---|---|---|
| Kenneth Michael Wright, LLC | Aim.com | Jen Bech Bernat | jennybernat@aim.c |
| Kenneth Michael Wright, LLC | Gmail.com | Melanie | melanie.kmwrightl |
| Kenneth Michael Wright, LLC | Gmail.com | Lisa Reyes | mikewrightlaw@gr |
| Kenneth Michael Wright, LLC | Gmail.com | Melanie Hickman | melanie.kmwrightl |
| Lanny J. Davis and Associates | lannyjdavis.com | Lanny J. Davis | ldavis@lannyjdavis |
| Lanny J. Davis and Associates | lannyjdavis.com | Madelene Melendez | mmelendez@lanny |
| Loeb and Loeb | Loeb.com | Andy Garb | abarb@loeb.com |
| Loeb and Loeb | Loeb.com | Pamela Bentley | pbentlev@loeb.con |
| Logan Firm | loganfirm.com | Gregory Logan | greg@loganfirm.cc |
| Long Engineering | longengineering.net | Bryan Long | bryan@longengine |
| Lundy, Lundy, Soileau & South, LLP | Lundylawllp.com | Hunter W. Lundy | hlundy@lundylawl |
| Lundy, Lundy, Soileau & South, LLP | Lundylawllp.com | Rudie R. Soileau, Jr. | rsoileau@lundylaw rudiesoileau@gmai |
| Lundy, Lundy, Soileau & South, LLP | Lundylawllp.com | T. Houston Middleton, IV | hmiddleton@lundy |
| Lundy, Lundy, Soileau & South, LLP | Lundylawllp.com | Daniel A. Kramer | dkramer@lundylaw |
| Lundy, Lundy, Soileau & South, LLP | Lundylawllp.com | Clare Prejean | cprejean@lundvlaw |
| Lundy, Lundy, Soileau & South, LLP | Lundlylawllp.com | Debbie Dronett (Deborah Dronett) | ddronett@lundylaw |
| Lundy, Lundy, Soileau & South, LLP | Lundlylawllp.com | Marinetta Alexander | malexander@lundy |
| MacIntyre Mculloh | Mmlawtexas.com tklaw.com | Robert S. MacIntyre | macintyre@mmlaw MacIntyre@tklaw.c robert.macintyre@n |
| MacIntyre Mculloh | Mmlawtexas.com | Nodea C. Eggins | nodea.eggins@mm |
| Pachulski Stang Ziehl & Jones | Pszjlaw.com | James Hunter | jhunter@pszjlaw.co |
| Patten, Peterman, Bekkedahl & Green | ppbglaw.com | Andy Patten | APatten@ppbglaw. |

| Firm Name/Organization | Firm Domain | Attorney Name(s) | Attorne |
|---|---|---|---|
| Perret Doise | perretlaw.com | Hank Perret | HPerret@perretlaw |
| Perret Doise | perretlaw.com | Jude David | jdavid@perretlaw. |
| Perret Doise | perretlaw.com | Cindy Wartelle | CWartelle@perretl |
| Perret Doise | perretlaw.com | Denise LeBlanc | DLeBlanc@perretl |
| Perret Doise | perretlaw.com | Lisa Joyner | ljoyner@perretlaw |
| Perret Doise | perretlaw.com | Tucker Perret | tperret@perretlaw. |
| Pillsbury Madison | pillsburylaw.com | Eileen J. O'Connor | Eileen.OConnor@ |
| Preis Roy | Preisroy.com<br>pkrlaw.com<br>JohnsonTrent.com | Lori Hood | LH@preisroy.com<br>LH@pkrlaw.com<br>lhood@JohnsonTr |
| Preis Roy | Preisroy.com | Joshua Mermis | JWM@preisroy.co |
| Quinn Emanuel | quinnemanuel.com | Kathleen Sullivan | kathleensullivan@ |
| Riddell Williams P.S. | riddellwilliams.com | Meri Jankovic | mjankovic@riddell |
| Riddell Williams P.S. | riddellwilliams.com | Bruce Borrus | bborrus@riddellwi |
| Riddell Williams P.S. | riddellwilliams.com | Veronica I. Magda | vmagda@riddellwi |
| Riddell Williams P.S. | riddellwilliams.com | Cheryl L. Seelhoff | cseelhoff@riddellv |
| Robbins Geller Rudman & Dowd LLP | Rgrdlaw.com | Sandy Svetcov | sandys@rgrdlaw.c |
| Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP | Robbinsrussell.com | Roy Englert | renglert@robbinsru |
| Rusty Hardin and Associates | Rustyhardin.com | Bob Galatas | bgalatas@rustyhar |
| Rusty Hardin and Associates | Rustyhardin.com<br>mindspring.com | Jeremy Monthy<br>Jeremy @ Wendi Monthy | jmonthy@rustyhar<br>monthy@mindspri |
| Rusty Hardin and Associates | Rustyhardin.com | Stella Jares | Stella.Jares@rusty |
| Rusty Hardin and Associates | Rustyhardin.com | Shannon Campbell | scampbell@rustyha |
| Rusty Hardin and Associates | Rustyhardin.com | Rusty Hardin | rhardin@rustyhard |

7

App. 019

Certified Document Number: 70688330 - Page 20 of 21

| Firm Name/Organization | Firm Domain | Attorney Name(s) | Attorne |
|---|---|---|---|
| Rusty Hardin and Associates | Rustyhardin.com | Linda Riley | lriley@rustyhardin |
| Rusty Hardin and Associates | Rustyhardin.com | Jenny Brevorka | jbrevorka@rustyha |
| Rusty Hardin and Associates | Rustyhardin.com | Bridget Daspit | bdaspit@rustyhard |
| Rusty Hardin and Associates | Rustyhardin.com | Rick Taylor | rtaylor@rustyhardi |
| Sayles Werbner | swtriallaw.com | Dick Sayles | dsayles@swtriallav |
| Sayles Werbner | swtriallaw.com | Heather Roberson | hroberson@swtrial |
| Sayles Werbner | swtriallaw.com | Rob Sayles | rsayles@swtriallaw |
| Sayles Werbner | swtriallaw.com | Stacy Lingle | slingle@swtriallaw |
| Standford University | Stanford.edu | Marcus Cole | gmcole@stanford.c |
| University of California – Los Angeles | Law.ucla.edu | Kenneth Klee | klee@law.ucla.edu |
| University of Texas | Law.utexas.edu | Jay Westbrook | JWestbrook@law.u |
| Vinson & Elkins | velaw.com | Glen Rosenbaum | grosenbaum@velav |
| Ware Jackson | Warejackson.com | Monica Urban | monicaurban@war |
| Ware Jackson | Warejackson.com | Susan Clark | susanclark@wareja |
| Ware Jackson | Warejackson.com | Shashi Patel | shashipatel@warej |
| Ware Jackson | Warejackson.com | Don Jackson | donjackson@warej |
| Ware Jackson | Warejackson.com | Michelle Jefferson | michellejefferson@ |
| Ware Jackson | Warejackson.com | Tim Lee | timlee@warejacks |
| Ware Jackson | Warejackson.com | Libby Conway | libbyconway@war |
| Ware Jackson | Warejackson.com | Jay Nelson | jaynelson@wareja |
| Ware Jackson | Warejackson.com | Tracey Bamberger | traceybamberger@ |
| Ware Jackson | Warejackson.com | Alma Brown | almabrown@warej |
| Ware Jackson | Warejackson.com | Monie Walters | moniewalters@war |
| Ware Jackson | Warejackson.com | Susan Clark | susanclark@wareja |

8

Certified Document Number: 70688330 - Page 21 of 21

| Firm Name/Organization | Firm Domain | Attorney Name(s) | Attorne |
|---|---|---|---|
| Ware Jackson | Warejackson.com | Eileen O'Neill | eileenoneill@ware |
| Ware Jackson | Warejackson.com | Robin Parker | robinparker@ware |
| Ware Jackson | Warejackson.com | Wendy Bishop | wendybishop@war |
| Ware Jackson | Warejackson.com | Jeff Chambers | jeffchambers@war |
| Ware Jackson | Warejackson.com | Jeff Diamont | jeffdiamant@warej |
| Ware Jackson | Warejackson.com | Melissa Davis | melissadavis@war |
| Ware Jackson | Warejackson.com | Libby Bragg | libbybragg@warej; |
| Ware Jackson | Warejackson.com | Paul Colby | paulcolby@wareja |
| Warren & Siurek, LLP | Warrensiurek.com | Mark Siurek | msiurek@warrensi |
| Warren & Siurek, LLP | Warrensiurek.com | Trish Haylon | thaylon@warrensiu |
| Warren & Siurek, LLP | Warrensiurek.com | Sue Diedrich | sdiedrich@warrens |
| Warren & Siurek, LLP | Warrensiurek.com | Valeria Compean | vcompean@warren |
| Wilmer Hale | Wilmerhale.com | Danielle Spinelli | Danielle.Spinelli@ |
| Wilmer Hale | Wilmerhale.com | Seth Waxman | Seth.Waxman@wi |
| Wilmer Hale | Wilmerhale.com | Shirley Woodward | Shirley.Woodward |
| Wilmer Hale | Wilmerhale.com | Craig Goldblatt | Craig.Goldblatt@w |
| Wilmer Hale | Wilmerhale.com | Isley Markman | Isley.Markman@w |
| Winston & Cashatt | winstoncashatt.com | Nancy L. Isserlis | nli@winstoncashat |
| Ytterberg Deery Knull LLP | ydklaw.com | Alan Ytterberg | aytterberg@ydklav |
| Ytterberg Deery Knull LLP | ydklaw.com | D-Ann Gilmore | DGilmore@ydklav |

CAUSE NO. 2015-35950

| | | |
|---|---|---|
| PRESTON MARSHALL, INDIVIDUALLY, AND RUSK CAPITAL MANAGEMENT, L.L.C., | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| MAROPCO, INC., E. PIERCE MARSHALL, JR., EDWIN K. HUNTER, AND HUNTER, HUNTER & SONNIER, LLC, | § § § § § | |
| Defendants. | § § | 11TH JUDICIAL DISTRICT |

## MAROPCO, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION

TO:     Plaintiffs, Preston Marshall, Individually and Rusk Capital Management, L.L.C., by and through their attorneys of record, Paul J. Dobrowski, Frederick T. Johnson, and Akilah F. Craig, DOBROWSKI, LARKIN & JOHNSON LLP, 4601 Washington Avenue, Suite 300, Houston, Texas 77007; Mark Siurek, Patricia Haylon, WARREN & SIUREK, LLP, 3334 Richmond Avenue, Suite 100, Houston, Texas 77098; Jeffrey W. Chambers, CHAMBERS LAW FIRM, 2929 Allen Parkway, Suite 200, Houston, Texas 77019.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant MarOpCo, Inc.

("MarOpCo") serves its responses and objections to Plaintiffs Preston Marshall and Rusk Capital

Management, L.L.C.'s ("Plaintiffs") Third Requests for Production.

Date:  March 2, 2016                           Respectfully submitted,


                                               */s/ Christopher J. Akin*
                                               John T. Cox III
                                               Texas Bar No. 24003722
                                               tcox@lynnllp.com
                                               Christopher J. Akin
                                               Texas Bar No. 00793237
                                               cakin@lynnllp.com
                                               Jeremy Fielding
                                               Texas Bar No. 24040895
                                               jfielding@lynnllp.com
                                               Kent Krabill
                                               Texas Bar No. 24060115
                                               kkrabill@lynnllp.com
                                               Russell G. Herman
                                               State Bar No. 24083169
                                               rherman@lynnllp.com
                                               **LYNN PINKER COX & HURST, LLP**
                                               2100 Ross Avenue, Suite 2700
                                               Dallas, Texas 75201
                                               Telephone: (214) 981-3800
                                               Facsimile:  (214) 981-3839

                                               Michael Reese Davis
                                               Texas Bar No. 00795074
                                               mdavis@hyrneldavis.com
                                               **HYMEL DAVIS & PETERSEN, LLC**
                                               10602 Coursey Boulevard
                                               Baton Rouge, Louisiana 70816
                                               Telephone: (225) 298-8118
                                               Facsimile:  (225) 298-8119

                                               **ATTORNEYS FOR DEFENDANT
                                               MAROPCO, INC.**

---

**MAROPCO, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION**                    **PAGE 2**

## <u>CERTIFICATE OF SERVICE</u>

I certify that all counsel of record have been served a true and correct copy of the foregoing by email on March 2, 2016 as follows:

> Mark Siurek
> Patricia Haylon
> Warren & Siurek, LLP
> 3334 Richmond Avenue, Suite 100
> Houston, Texas 77098
> Email:  msiurek@warrensiurek.com
> Email:  thaylon@warrensiurek.com
>
> Paul J. Dobrowski
> Frederick T. Johnson
> Akilah F. Craig
> Dobrowski, Larkin & Johnson LLP
> 4601 Washington Avenue, Suite 300
> Houston, Texas 77007
> Email:  pjd@doblaw.com
> Email:  fjohnson@doblaw.com
> Email:  acraig@doblaw.com
>
> Jeffrey W. Chambers
> Chambers Law Firm
> 2929 Allen Parkway, Suite 200
> Houston, Texas 77019
> Email:  jeffchambers@chambers-law-group.com

*/s/ Christopher J. Akin*
Christopher J. Akin

---

**MAROPCO, INC.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION**                    **PAGE 3**

**App. 024**

## I.   <u>PRELIMINARY STATEMENT</u>

The following objections apply to all Requests for Production, as well as to the definitions and instructions accompanying the Requests for Production.  Additionally, Defendant reserves the right to reiterate or make additional objections to any specific instructions, definitions, or Requests.  As discovery is continuing, Defendant reserves the right to supplement or amend any of these responses.

## II.   <u>GENERAL OBJECTIONS</u>

Defendant objects to the definitions and instructions set forth in the Requests for Production to the extent that the definitions and instructions purport to place obligations on Defendant greater than those placed upon Defendant by law.  Defendant agrees to answer the Requests for Production to the extent that they are required to do so by the applicable law, and to the extent that such Requests are not otherwise objectionable.

Defendant further objects to the definitions and instructions set forth in the Requests for Production to the extent that they purport to assign the words therein defined meanings other than those in common usage.  Defendant will use the commonly accepted definition of words and phrases in answering the Requests for Production.

Defendant objects to Plaintiffs' definitions and instructions contained therein and to Plaintiffs' document requests to the extent they seek information that is protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest privilege, and/or any other applicable doctrine of privilege or immunity. Defendant hereby asserts all such applicable privileges, protections, and immunities.  Defendant intend to preserve all such privileges and/or immunities to the fullest extent, and any disclosure

of such information in Response to these requests for production shall be deemed inadvertent and shall not waive those privileges, protections, or immunities.

Defendant objects to Plaintiffs' Requests for Production of Documents and the definitions and instructions contained therein to the extent that any request is unreasonably cumulative, redundant, or duplicative of other requests or seeks documents that are already known to Plaintiffs or that are equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

Defendant objects to Plaintiffs' Requests for Production of Documents and the definitions and instructions contained therein to the extent that any request seeks documents that do not exist or that are not in Defendant's possession, custody, or control.

Defendant objects to Plaintiffs' Requests for Production of Documents and the definitions and instructions contained therein to the extent any request seeks documents from a time period that renders the request unduly burdensome, unnecessarily broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Unless otherwise stated, to the extent these requests seek information from an unspecified or over-expansive timeframe, Defendant will provide information based on a reasonable timeframe.

Defendant objects to all of the above-referenced definitions in each and every Request for Production in which they are used as if objected to on the above-stated basis individually, and Defendant answers all the Requests for Production listed below subject to and without waiving the above-stated objections.

Defendant will produce documents in .pdf format, a similar electronic format, or in hard copy.  Defendant will organize its production as such documents are kept in the regular course of their business.

### III.   OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION
### RESPONSES TO THIRD REQUEST FOR PRODUCTION

Subject to the foregoing General Objections, which are incorporated by reference as if set forth fully in each and every response, Defendant also specifically responds and objects to the Requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**   All documents and communications between Defendant and any person identifying or referencing the computer storage devices from which the emails between Preston Marshall and Kenneth Michael Wright attached to the Motion to Recuse were retrieved.

**RESPONSE:**   MarOpCo objects to this request as seeking documents and communications protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and the common interest communications privilege.  MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because it is not connected to the merits of any claim asserted against MarOpCo.  MarOpCo further objects to the request as intended for purposes of harassment because it seeks the same type of discovery denied by the Court in connection with Plaintiffs' motion for expedited discovery.  MarOpCo further objects to the request as seeking documents in the possession of other parties to this lawsuit who are now represented by separate counsel.  Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the affidavits provided by Edwin K. Hunter, E. Pierce Marshall, Jr., and Brad Trevino as a substitute for this type of invasive and improper discovery.  Based on the foregoing objections, MarOpCo will not provide a further response to the request.

**REQUEST FOR PRODUCTION NO. 2:**   All documents and communications by and between Hunter, Hunter and Sonnier and any person identifying the computer storage devices from which the emails between Preston Marshall and Kenneth Michael Wright attached to the Motion to Recuse were retrieved.

**RESPONSE:**   MarOpCo objects to this request as seeking documents and communications protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and the common interest communications privilege.  MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because it is not connected to the merits of any claim asserted against MarOpCo.  MarOpCo further objects to the request as intended for purposes of harassment because it seeks the same type of discovery denied by the Court in connection with Plaintiffs' motion for expedited discovery.  MarOpCo further objects to the request as seeking documents in the possession of other parties to this lawsuit who are now represented by separate counsel.  Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the affidavits provided by Edwin K. Hunter, E. Pierce Marshall, Jr., and Brad Trevino as a substitute for this

type of invasive and improper discovery.  Based on the foregoing objections, MarOpCo will not provide a further response to the request.

**REQUEST FOR PRODUCTION NO. 3:**  All documents and communications by and between Defendant and any person, including but not limited to Scofield Gerard and Chris Anderson, regarding, referencing or distributing the communications between Marshall and Kenneth Michael Wright attached to the Motion to Recuse.

**RESPONSE:**  MarOpCo objects to this request as seeking documents and communications protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and the common interest communications privilege.  MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because it is not connected to the merits of any claim asserted against MarOpCo.  MarOpCo further objects to the request as intended for purposes of harassment because it seeks the same type of discovery denied by the Court in connection with Plaintiffs' motion for expedited discovery.  MarOpCo further objects to the request as seeking documents in the possession of other parties to this lawsuit who are now represented by separate counsel.  Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the affidavits provided by Edwin K. Hunter, E. Pierce Marshall, Jr., and Brad Trevino as a substitute for this type of invasive and improper discovery.  Based on the foregoing objections, MarOpCo will not provide a further response to the request.

**REQUEST FOR PRODUCTION NO. 4:**  All documents and communications by and between Hunter, Hunter and Sonnier and any person, including but not limited to Scofield Gerard and Chris Anderson, regarding, referencing or distributing the communications between Marshall and Kenneth Michael Wright attached to the Motion to Recuse.

**RESPONSE:**  MarOpCo objects to this request as seeking documents and communications protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and the common interest communications privilege.  MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because it is not connected to the merits of any claim asserted against MarOpCo.  MarOpCo further objects to this request as intended for purposes of harassment because it seeks the same type of discovery denied by the Court in connection with Plaintiffs' motion for expedited discovery.  MarOpCo further objects to the request as seeking documents in the possession of other parties to this lawsuit who are now represented by separate counsel.  Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the affidavits provided by Edwin K. Hunter, E. Pierce Marshall, Jr., and Brad Trevino as a substitute for this type of invasive and improper discovery.  Based on the foregoing objections, MarOpCo will not provide a further response to the request.

**REQUEST FOR PRODUCTION NO. 5:**  All documents and communications by and between Hunter, Hunter and Sonnier and any person, including but not limited to Scofield Gerard and

Chris Anderson, regarding, referencing or distributing any communications between Marshall and any attorney retrieved from the electronic storage devices or ay [sic] copy or forensic image thereof.

**RESPONSE:**   MarOpCo objects to this request as seeking documents and communications protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and the common interest communications privilege.  MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because it is not connected to the merits of any claim asserted against MarOpCo.  MarOpCo further objects to the request as intended for purposes of harassment because it seeks the same type of discovery denied by the Court in connection with Plaintiffs' motion for expedited discovery.  MarOpCo further objects to the request as seeking documents in the possession of other parties to this lawsuit who are now represented by separate counsel.  Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the affidavits provided by Edwin K. Hunter, E. Pierce Marshall, Jr., and Brad Trevino as a substitute for this type of invasive and improper discovery.  Based on the foregoing objections, MarOpCo will not provide a further response to the request.

**REQUEST FOR PRODUCTION NO. 6:**  All documents and communications by and between Defendant and any person, including but not limited to Scofield Gerard and Chris Anderson, regarding, referencing or distributing any communications between Marshall and any attorney retrieved from the electronic storage devices or any copy or forensic image thereof.

**RESPONSE:**   MarOpCo objects to this request as seeking documents and communications protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and the common interest communications privilege.  MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because it is not connected to the merits of any claim asserted against MarOpCo.  MarOpCo further objects to the request as intended for purposes of harassment because it seeks the same type of discovery denied by the Court in connection with Plaintiffs' motion for expedited discovery.  MarOpCo further objects to the request as seeking documents in the possession of other parties to this lawsuit who are now represented by separate counsel.  Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the affidavits provided by Edwin K. Hunter, E. Pierce Marshall, Jr., and Brad Trevino as a substitute for this type of invasive and improper discovery.  Based on the foregoing objections, MarOpCo will not provide a further response to the request.

**REQUEST FOR PRODUCTION NO. 7:**  All documents and communications by and between E. Pierce Marshall and any person, including but not limited to Scofield Gerard and Chris Anderson, regarding, referencing or distributing any communications between Marshall and any attorney retrieved from the electronic storage devices or any copy or forensic image thereof.

**RESPONSE:**   MarOpCo objects to this request as seeking documents and communications protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the

joint defense privilege, and the common interest communications privilege. MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because it is not connected to the merits of any claim asserted against MarOpCo. MarOpCo further objects to the request as intended for purposes of harassment because it seeks the same type of discovery denied by the Court in connection with Plaintiffs' motion for expedited discovery. MarOpCo further objects to the request as seeking documents in the possession of other parties to this lawsuit who are now represented by separate counsel. Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the affidavits provided by Edwin K. Hunter, E. Pierce Marshall, Jr., and Brad Trevino as a substitute for this type of invasive and improper discovery. Based on the foregoing objections, MarOpCo will not provide a further response to the request.

**REQUEST FOR PRODUCTION NO. 8:** All estimates, invoices, receipts, or proof or payments regarding any and all forensic images of any computer storage devices or copies thereof between June 2015 and present.

**RESPONSE:** MarOpCo objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks "all" estimates, receipts, proof, or payments relating to forensic imaging when that level of detail is not necessary or appropriate. MarOpCo further objects to this request to the extent it seeks documents or communications protected for disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and the common interest communications privilege. Subject to and without waiver of the foregoing, MarOpCo refers Plaintiffs to the invoice for forensic imaging that has already been produced in this case.

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications by and between Defendant and any person, including Scofield Gerard and Chris Anderson, regarding, referencing, or distributing any forensic image or copy of the computer storage devices or any forensic image or copy of a copy of the computer storage devices.

**RESPONSE:** MarOpCo objects to this request as seeking documents and communications protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and the common interest communications privilege. MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because it is not connected to the merits of any claim asserted against MarOpCo. MarOpCo further objects to the request as intended for purposes of harassment because it seeks the same type of discovery denied by the Court in connection with Plaintiffs' motion for expedited discovery. MarOpCo further objects to the request as seeking documents in the possession of other parties to this lawsuit who are now represented by separate counsel. Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the affidavits provided by Edwin K. Hunter, E. Pierce Marshall, Jr., and Brad Trevino as a substitute for this type of invasive and improper discovery. Based on the foregoing objections, MarOpCo will not provide a further response to the request.

**REQUEST FOR PRODUCTION NO. 10:**   All documents and communications by and between Hunter, Hunter and Sonnier and any person, including Scofield Gerard and Chris Anderson, regarding, referencing, or distributing any forensic image of the computer storage devices or any forensic image of a copy of the computer storage devices.

**RESPONSE:**   MarOpCo objects to this request as seeking documents and communications protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and the common interest communications privilege.  MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because it is not connected to the merits of any claim asserted against MarOpCo. MarOpCo further objects to the request as intended for purposes of harassment because it seeks the same type of discovery denied by the Court in connection with Plaintiffs' motion for expedited discovery.  MarOpCo further objects to the request as seeking documents in the possession of other parties to this lawsuit who are now represented by separate counsel.  Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the affidavits provided by Edwin K. Hunter, E. Pierce Marshall, Jr., and Brad Trevino as a substitute for this type of invasive and improper discovery.  Based on the foregoing objections, MarOpCo will not provide a further response to the request.

**REQUEST FOR PRODUCTION NO. 11:**   All documents and communications by and between E. Pierce Marshall and any person, including Scofield Gerard and Chris Anderson, regarding, referencing, or distributing any forensic image of the computer storage devices or any forensic image of a copy of the computer storage devices.

**RESPONSE:**  MarOpCo objects to this request as seeking documents and communications protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and the common interest communications privilege.  MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because it is not connected to the merits of any claim asserted against MarOpCo. MarOpCo further objects to the request as intended for purposes of harassment because it seeks the same type of discovery denied by the Court in connection with Plaintiffs' motion for expedited discovery.  MarOpCo further objects to the request as seeking documents in the possession of other parties to this lawsuit who are now represented by separate counsel.  Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the affidavits provided by Edwin K. Hunter, E. Pierce Marshall, Jr., and Brad Trevino as a substitute for this type of invasive and improper discovery.  Based on the foregoing objections, MarOpCo will not provide a further response to the request.

**REQUEST FOR PRODUCTION NO. 12:**   All notes, discussions, emails, and/or communications by any of the following persons concerning or relating to Marshall's communications with any of his attorneys, including but not limited to Kenneth Michael Wright: (a) Defendant; (b) E. Pierce Marshall, Jr., (c) Hunter, Hunter & Sonnier, and (d) Chris Anderson.

**RESPONSE:**  MarOpCo objects to this request as seeking documents and communications protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and the common interest communications privilege.  MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because it is not connected to the merits of any claim asserted against MarOpCo.  MarOpCo further objects to the request as intended for purposes of harassment because it seeks the same type of discovery denied by the Court in connection with Plaintiffs' motion for expedited discovery.  MarOpCo further objects to the request as seeking documents in the possession of other parties to this lawsuit who are now represented by separate counsel.  Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the affidavits provided by Edwin K. Hunter, E. Pierce Marshall, Jr., and Brad Trevino as a substitute for this type of invasive and improper discovery.  Based on the foregoing objections, MarOpCo will not provide a further response to the request.

**REQUEST FOR PRODUCTION NO. 13:**  All communications between the following persons and Dane Ciolino discussing, disseminating, or concerning any communications between Marshall and any of his attorneys, including but not limited to Kenneth Michael Wright: (a) MarOpCo; (b) E. Pierce Marshall, Jr.; and (c) Hunter, Hunter & Sonnier; (d) Scofield Gerard; and (e) Chris Anderson.

**RESPONSE:**  MarOpCo objects to this request as seeking documents and communications protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and the common interest communications privilege.  MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because it is not connected to the merits of any claim asserted against MarOpCo.  MarOpCo further objects to the request as intended for purposes of harassment because it seeks the same type of discovery denied by the Court in connection with Plaintiffs' motion for expedited discovery.  MarOpCo further objects to the request as seeking documents in the possession of other parties to this lawsuit who are now represented by separate counsel.  Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the affidavits provided by Edwin K. Hunter, E. Pierce Marshall, Jr., and Brad Trevino as a substitute for this type of invasive and improper discovery.  Based on the foregoing objections, MarOpCo will not provide a further response to the request.

**REQUEST FOR PRODUCTION NO. 14:**  All documents and communications in Defendant's possession evidencing the transmittal of any communications between Preston Marshall and his attorney(s) to a third party.

**RESPONSE:**  MarOpCo objects to this request as seeking documents and communications protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and the common interest communications privilege.  MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because it is not connected to the merits of any claim asserted against MarOpCo.  MarOpCo further objects to the request as intended for purposes of harassment because it seeks

the same type of discovery denied by the Court in connection with Plaintiffs' motion for expedited discovery. MarOpCo further objects to the request as seeking documents in the possession of other parties to this lawsuit who are now represented by separate counsel. Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the affidavits provided by Edwin K. Hunter, E. Pierce Marshall, Jr., and Brad Trevino as a substitute for this type of invasive and improper discovery. Based on the foregoing objections, MarOpCo will not provide a further response to the request.

**REQUEST FOR PRODUCTION NO. 15:** All documents and communications referencing or regarding Chondriosome Siftung, and/or its bank accounts, from January 1, 2011, through the present.

**RESPONSE:** MarOpCo objects to this request as seeking documents not reasonably calculated to lead to the discovery of admissible evidence and as overly broad in that the dispute relating to Chondriosome covered a very discrete time period in April and May of 2015. MarOpCo further objects to this request as intended for purposes of harassment and as seeking to obtain discovery that Plaintiffs/Counter-Defendants have been unsuccessful in obtaining in the actual litigation concerning Chondrisome. Subject to and without waiver of the foregoing, MarOpCo refers Plaintiffs/Counter-Defendants to the documents already produced pursuant to the parties' negotiations over Plaintiffs/Counter-Defendants' previous document requests.

**REQUEST FOR PRODUCTION NO. 16:** All documents and communications regarding or referencing Ribosome, LP, and/or its bank accounts, from January 1, 2011, through the present.

**RESPONSE:** MarOpCo objects to this request as seeking documents not reasonably calculated to lead to the discovery of admissible evidence and as overly broad in that the dispute relating to Ribosome covered a very discrete time period in April and May of 2015. MarOpCo further objects to this request as intended for purposes of harassment and as seeking to obtain discovery that Plaintiffs/Counter-Defendants have been unsuccessful in obtaining in the actual litigation concerning Ribosome. Subject to and without waiver of the foregoing, MarOpCo refers Plaintiffs/Counter-Defendants to the documents already produced pursuant to the parties' negotiations over Plaintiffs/Counter-Defendants' previous document requests.

**REQUEST FOR PRODUCTION NO. 17:** All documents and communications regarding, reflecting, constituting, or evidencing job duties Elaine Marshall assigned to any officer of MarOpCo subsequent to November 1, 2014. This includes, but is not limited to, copies of employment contracts, assessments, performance reviews, documents indicating or delegating authority, and work requests.

**RESPONSE:** MarOpCo objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it applies to "any officer of MarOpCo" and is not limited to Preston. Subject to and without waiver of the foregoing, MarOpCo refers Plaintiffs/Counter-Defendants to their previous production relating to responsive information for

---

Preston and to MarOpCo's forthcoming production of MarOpCo's Amended and Restated By-Laws and MarOpCo's July 14, 2014 Consent of Sole Director.

**REQUEST FOR PRODUCTION NO. 18:**   All documents and communications regarding, reflecting, constituting, or evidencing job duties Elaine Marshall assigned to Preston Marshall subsequent to November 1, 2014. This includes copies of Preston Marshall's Employment Contract, assessments, and performance reviews.

**RESPONSE:**   MarOpCo objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it applies to "any officer of MarOpCo" and is not limited to Preston.   Subject to and without waiver of the foregoing, MarOpCo refers Plaintiffs/Counter-Defendants to their previous production relating to responsive information for Preston and to MarOpCo's forthcoming production of MarOpCo's Amended and Restated By-Laws and MarOpCo's July 14, 2014 Consent of Sole Director.

**REQUEST FOR PRODUCTION NO. 19:**   All documents and communications regarding, reflecting, constituting, or evidencing Preston Marshall's job duties at MarOpCo.

**RESPONSE:**   MarOpCo objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because of undefined time period.   MarOpCo further objects to the request as ambiguous and vague as which communications somehow could relate to Preston's job duties.   Subject to and without waiver of the foregoing, MarOpCo refers Plaintiffs/Counter-Defendants to their previous production relating to responsive information for Preston and to MarOpCo's forthcoming production of MarOpCo's Amended and Restated By-Laws and MarOpCo's July 14, 2014 Consent of Sole Director.

(*RFP 20 was skipped*)

**REQUEST FOR PRODUCTION NO. 21:**   All documents and communications regarding, reflecting, constituting, or evidencing Elaine Marshall informing Preston Marshall of his job duties at MarOpCo subsequent to November 1, 2014.

**RESPONSE:**   MarOpCo refers Plaintiffs/Counter-Defendants to their previous production relating to responsive information for Preston and to MarOpCo's forthcoming production of MarOpCo's Amended and Restated By-Laws and MarOpCo's July 14, 2014 Consent of Sole Director.

**REQUEST FOR PRODUCTION NO. 22:**   All documents and communications regarding, reflecting, constituting, or evidencing written instructions Elaine Marshall provided Preston Marshall regarding his job duties, authority, and/or authorization subsequent to November 1, 2014.

**RESPONSE:**   MarOpCo refers Plaintiffs/Counter-Defendants to their previous production relating to responsive information for Preston and to MarOpCo's forthcoming production of MarOpCo's Amended and Restated By-Laws and MarOpCo's July 14, 2014 Consent of Sole Director.

**REQUEST FOR PRODUCTION NO. 23:**   All documents and communications regarding, reflecting, constituting, or evidencing written instruments Elaine Marshall provided Preston Marshall as part of his job subsequent to November 1, 2014.

**RESPONSE:**   MarOpCo refers Plaintiffs/Counter-Defendants to their previous production relating to responsive information for Preston.

**REQUEST FOR PRODUCTION NO. 24:**   All documents and communications reflecting, constituting, or evidencing all authority Elaine Marshall delegated to Preston Marshall in writing subsequent to November 1, 2014.

**RESPONSE:**   MarOpCo refers Plaintiffs/Counter-Defendants to their previous production relating to responsive information for Preston.

**REQUEST FOR PRODUCTION NO. 25:**   All documents and communications reflecting, constituting, or evidencing job performance expectations Elaine Marshall provided Preston Marshall subsequent to November 1, 2014. 12

**RESPONSE:**   MarOpCo refers Plaintiffs/Counter-Defendants to their previous production relating to responsive information for Preston.

**REQUEST FOR PRODUCTION NO. 26:**   All documents and communications reflecting, constituting, or evidencing the amount of time Preston was expected to be present at MarOpCo's physical offices that Elaine Marshall provided Preston Marshall subsequent to November 1, 2014.

**RESPONSE:**   MarOpCo refers Plaintiffs/Counter-Defendants to their previous production relating to responsive information for Preston.

**REQUEST FOR PRODUCTION NO. 27:**   All documents and communications reflecting, constituting, or evidencing MarOpCo's and/or Elaine Marshall's expectations for Preston Marshall at MarOpCo subsequent to November 1, 2014.

Expectations shall be interpreted broadly to include expected duties, expected time in the office, expected goals met, expected operational benchmarks, and other expectations Elaine Marshall

held related to Preston's job at MarOpCo and/or expectations of performance Elaine Marshall held related to any officer of MarOpCo.

**RESPONSE:**  MarOpCo objects to the definition of expectations as ambiguous, vague, and overly broad.  Subject to and without waiver of the foregoing, MarOpCo refers Plaintiffs/Counter-Defendants to their previous production relating to responsive information for Preston.

**REQUEST FOR PRODUCTION NO. 28:**   All documents and communications reflecting, constituting, or evidencing daily, weekly, quarterly, or yearly expectations Elaine Marshall provided Preston Marshall as part of his job duties subsequent to November 1, 2014.

Expectations shall be interpreted broadly to include expected duties, expected time in the office, expected goals met, expected operational benchmarks, and other expectations Elaine Marshall held related to Preston's job at MarOpCo and/or expectations of performance Elaine Marshall held related to any officer of MarOpCo.

**RESPONSE:**  MarOpCo objects to the definition of expectations as ambiguous, vague, and overly broad.  Subject to and without waiver of the foregoing, MarOpCo refers Plaintiffs/Counter-Defendants to their previous production relating to responsive information for Preston.

**REQUEST FOR PRODUCTION NO. 29:**   All documents and communications regarding, reflecting, constituting, or evidencing job duties Elaine Marshall assigned to Pierce Marshall subsequent to November 1, 2014. This includes copies of Pierce Marshall's Employment Contract, assessments, and performance reviews.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because Pierce's separate employment with MarOpCo has nothing to do with the legal issues in this case, and the request constitutes an impermissible fishing expedition.   MarOpCo further objects to the request as intended for purposes of harassment because it is inconsistent with the Court's denial of Plaintiffs/Counter-Defendants' motion to compel very similar discovery relating to Pierce Marshall.  MarOpCo further objects to the request as ambiguous, vague and overly broad in that it appears to seek countless documents related in some way to the job performance of Pierce Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 30:**   All documents and communications regarding, reflecting, constituting, or evidencing Pierce Marshall's job duties at MarOpCo.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because Pierce's separate employment with MarOpCo has nothing to do with the legal issues in this case, and the request constitutes an impermissible fishing expedition.   MarOpCo further objects to the request as intended for purposes of

harassment because it is inconsistent with the Court's denial of Plaintiffs/Counter-Defendants' motion to compel very similar discovery relating to Pierce Marshall.  MarOpCo further objects to the request as ambiguous, vague and overly broad in that it appears to seek countless documents related in some way to the job performance of Pierce Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.


**REQUEST FOR PRODUCTION NO. 31:**   All documents and communications regarding, reflecting, constituting, or evidencing Elaine Marshall informing Pierce Marshall of his job duties at MarOpCo subsequent to November 1, 2014.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because Pierce's separate employment with MarOpCo has nothing to do with the legal issues in this case, and the request constitutes an impermissible fishing expedition.   MarOpCo further objects to the request as intended for purposes of harassment because it is inconsistent with the Court's denial of Plaintiffs/Counter-Defendants' motion to compel very similar discovery relating to Pierce Marshall.  MarOpCo further objects to the request as ambiguous, vague and overly broad in that it appears to seek countless documents related in some way to the job performance of Pierce Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.


**REQUEST FOR PRODUCTION NO. 32:**   All documents and communications regarding, reflecting, constituting, or evidencing written instructions Elaine Marshall provided Pierce Marshall regarding his job duties and authorization subsequent to November 1, 2014.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because Pierce's separate employment with MarOpCo has nothing to do with the legal issues in this case, and the request constitutes an impermissible fishing expedition.   MarOpCo further objects to the request as intended for purposes of harassment because it is inconsistent with the Court's denial of Plaintiffs/Counter-Defendants' motion to compel very similar discovery relating to Pierce Marshall.  MarOpCo further objects to the request as ambiguous, vague and overly broad in that it appears to seek countless documents related in some way to the job performance of Pierce Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.


**REQUEST FOR PRODUCTION NO. 33:**   All documents and communications regarding, reflecting, constituting, or evidencing written instruments Elaine Marshall provided Pierce Marshall as part of his job subsequent to November 1, 2014.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because Pierce's separate employment with MarOpCo has nothing to do with the legal issues in this case, and the request constitutes an impermissible fishing expedition.   MarOpCo further objects to the request as intended for purposes of harassment because it is inconsistent with the Court's denial of Plaintiffs/Counter-Defendants'

motion to compel very similar discovery relating to Pierce Marshall.  MarOpCo further objects to the request as ambiguous, vague and overly broad in that it appears to seek countless documents related in some way to the job performance of Pierce Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 34:**  All documents and communications reflecting, constituting, or evidencing all authority Elaine Marshall delegated to Pierce Marshall in writing subsequent to November 1, 2014.

**RESPONSE:**  MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because Pierce's separate employment with MarOpCo has nothing to do with the legal issues in this case, and the request constitutes an impermissible fishing expedition.  MarOpCo further objects to the request as intended for purposes of harassment because it is inconsistent with the Court's denial of Plaintiffs/Counter-Defendants' motion to compel very similar discovery relating to Pierce Marshall.  MarOpCo further objects to the request as ambiguous, vague and overly broad in that it appears to seek countless documents related in some way to the job performance of Pierce Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 35:**  All documents and communications reflecting, constituting, or evidencing job performance expectations Elaine Marshall provided Pierce Marshall subsequent to November 1, 2014.

**RESPONSE:**  MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because Pierce's separate employment with MarOpCo has nothing to do with the legal issues in this case, and the request constitutes an impermissible fishing expedition.  MarOpCo further objects to the request as intended for purposes of harassment because it is inconsistent with the Court's denial of Plaintiffs/Counter-Defendants' motion to compel very similar discovery relating to Pierce Marshall.  MarOpCo further objects to the request as ambiguous, vague and overly broad in that it appears to seek countless documents related in some way to the job performance of Pierce Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 36:**  All documents and communications reflecting, constituting, or evidencing the amount of time Pierce Marshall was expected to be present at MarOpCo's physical offices that Elaine Marshall provided Pierce Marshall subsequent to November 1, 2014.

**RESPONSE:**  MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because Pierce's separate employment with MarOpCo has nothing to do with the legal issues in this case, and the request constitutes an impermissible fishing expedition.  MarOpCo further objects to the request as intended for purposes of harassment because it is inconsistent with the Court's denial of Plaintiffs/Counter-Defendants'

motion to compel very similar discovery relating to Pierce Marshall.  MarOpCo further objects to the request as ambiguous, vague and overly broad in that it appears to seek countless documents related in some way to the job performance of Pierce Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 37:**  All documents and communications reflecting, constituting, or evidencing MarOpCo's and/or Elaine Marshall's expectations for Pierce Marshall at MarOpCo subsequent to November 1, 2014.

Expectations shall be interpreted broadly to include expected duties, expected time in the office, expected goals met, expected operational benchmarks, and other expectations Elaine Marshall held related to Pierce's job at MarOpCo and/or expectations of performance Elaine Marshall held related to any officer of MarOpCo.

**RESPONSE:**  MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because Pierce's separate employment with MarOpCo has nothing to do with the legal issues in this case, and the request constitutes an impermissible fishing expedition.  MarOpCo further objects to the request as intended for purposes of harassment because it is inconsistent with the Court's denial of Plaintiffs/Counter-Defendants' motion to compel very similar discovery relating to Pierce Marshall.  MarOpCo further objects to the request as ambiguous, vague and overly broad in that it appears to seek countless documents related in some way to the job performance of Pierce Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 38:**  All documents and communications reflecting, constituting, or evidencing daily, weekly, quarterly, or yearly expectations Elaine Marshall provided Pierce Marshall as part of his job duties subsequent to November 1, 2014.

Expectations shall be interpreted broadly to include expected duties, expected time in the office, expected goals met, expected operational benchmarks, and other expectations Elaine Marshall held related to Pierce's job at MarOpCo and/or expectations of performance Elaine Marshall held related to any officer of MarOpCo.

**RESPONSE:**  MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence because Pierce's separate employment with MarOpCo has nothing to do with the legal issues in this case, and the request constitutes an impermissible fishing expedition.  MarOpCo further objects to the request as intended for purposes of harassment because it is inconsistent with the Court's denial of Plaintiffs/Counter-Defendants' motion to compel very similar discovery relating to Pierce Marshall.  MarOpCo further objects to the request as ambiguous, vague and overly broad in that it appears to seek countless documents related in some way to the job performance of Pierce Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 39:**  All non-privileged documents and communications located on every server, workstation, laptop, computer, image, hard drive, flash drive, or other electronic or digital device located at the Tidwell Office on June 11, 2015.

**RESPONSE:**  MarOpCo objects to this request as an improper request for electronic discovery that does not comply with the requirements for such discovery as set forth by the Texas Supreme Court in *In re Weekly*.  MarOpCo further objects to this request as hopelessly overbroad and not reasonably calculated to lead to the discovery of admissible evidence in that it makes no attempt at all to specify the categories of documents it seeks or to identify any connection at all between the documents requested and the merits of this case.  MarOpCo also objects to the request as improperly seeking to interfere with the agreed upon special master process, where the parties have agreed that Special Master Craig Ball will allocate the data requested to the person to whom it belongs.  MarOpCo further objects to the request as seeking MarOpCo's (and/or its affiliates') confidential business information, as well as seeking documents that neither Preston nor Rusk Capital have any right to access.  Moreover, MarOpCo objects to the request as a wholly impermissible fishing expedition.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

4850-7498-3725, v. 1

## CAUSE NO. 2015-35950

| | | |
|---|---|---|
| **PRESTON MARSHALL,** | § | **IN THE DISTRICT COURT OF** |
| **INDIVIDUALLY, and RUSK CAPITAL** | § | |
| **MANAGEMENT, L.L.C.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **MAROPCO, INC., E. PIERCE** | § | |
| **MARSHALL, JR., EDWIN K. HUNTER,** | § | |
| **and HUNTER, HUNTER & SONNIER,** | § | |
| **LLC,** | § | |
| | § | |
| **Defendants.** | § | **11TH JUDICIAL DISTRICT** |

---

### MAROPCO, INC.'S RESPONSES AND OBJECTIONS TO
### PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION

---

TO:   Plaintiffs, Preston Marshall, Individually and Rusk Capital Management, L.L.C., by and through their attorneys of record, Paul J. Dobrowski, Frederick T. Johnson, and Akilah F. Craig, DOBROWSKI, LARKIN & JOHNSON LLP, 4601 Washington Avenue, Suite 300, Houston, Texas 77007; Mark Siurek, Patricia Haylon, WARREN & SIUREK, LLP, 3334 Richmond Avenue, Suite 100, Houston, Texas 77098; Jeffrey W. Chambers, CHAMBERS LAW FIRM, 2929 Allen Parkway, Suite 200, Houston, Texas 77019.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant MarOpCo, Inc.

("MarOpCo") serves its responses and objections to Plaintiffs Preston Marshall and Rusk Capital

Management, L.L.C.'s ("Plaintiffs") Fourth Requests for Production.

---

Date:   April 1, 2016                    Respectfully submitted,


                                         */s/ Christopher J. Akin*
                                         John T. Cox III
                                         Texas Bar No. 24003722
                                         tcox@lynnllp.com
                                         Christopher J. Akin
                                         Texas Bar No. 00793237
                                         cakin@lynnllp.com
                                         Jeremy Fielding
                                         Texas Bar No. 24040895
                                         jfielding@lynnllp.com
                                         Kent Krabill
                                         Texas Bar No. 24060115
                                         kkrabill@lynnllp.com
                                         Russell G. Herman
                                         Texas Bar No. 24083169
                                         rherman@lynnllp.com
                                         **LYNN PINKER COX & HURST, LLP**
                                         2100 Ross Avenue, Suite 2700
                                         Dallas, Texas 75201
                                         Telephone: (214) 981-3800
                                         Facsimile:  (214) 981-3839

                                         Michael Reese Davis
                                         Texas Bar No. 00795074
                                         mdavis@hyrneldavis.com
                                         **HYMEL DAVIS & PETERSEN, LLC**
                                         10602 Coursey Boulevard
                                         Baton Rouge, Louisiana 70816
                                         Telephone: (225) 298-8118
                                         Facsimile:  (225) 298-8119

                                         **ATTORNEYS FOR DEFENDANT**
                                         **MAROPCO, INC.**

---

<u>**CERTIFICATE OF SERVICE**</u>

I certify that all counsel of record shown below have been served a true and correct copy of this document by e-mail on April 1, 2016:

Mark Siurek
Patricia Haylon
Warren & Siurek, LLP
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
msiurek@warrensiurek.com
thaylon@warrensiurek.com

Jeff Golub
David Beck
Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
jgolub@beckredden.com
dbeck@beckredden.com

Paul J. Dobrowski
Akilah F. Craig
Davis Bradford
Dobrowski, Larkin & Johnson LLP
4601 Washington Avenue, Suite 300
Houston, Texas 77007
pjd@doblaw.com
acraig@doblaw.com
dbradford@doblaw.com

L. Bradley Hancock
Christopher David Johnsen
Holland & Knight LLP
1100 Louisiana Street, Suite 4300
Houston, Texas 77002
brad.hancock@hklaw.com
chris.johnsen@hklaw.com

Jeffrey W. Chambers
Chambers Law Firm
2929 Allen Parkway, Suite 200
Houston, Texas 77019
jeffchambers@chambers-law-group.com

*/s/ Christopher J. Akin*
Christopher J. Akin

## I.      PRELIMINARY STATEMENT

The following objections apply to all Requests for Production, as well as to the definitions and instructions accompanying the Requests for Production.  Additionally, Defendant reserves the right to reiterate or make additional objections to any specific instructions, definitions, or Requests.  As discovery is continuing, Defendant reserves the right to supplement or amend any of these responses.

## II.      GENERAL OBJECTIONS

Defendant objects to the definitions and instructions set forth in the Requests for Production to the extent that the definitions and instructions purport to place obligations on Defendant greater than those placed upon Defendant by law.  Defendant agrees to answer the Requests for Production to the extent that they are required to do so by the applicable law, and to the extent that such Requests are not otherwise objectionable.

Defendant further objects to the definitions and instructions set forth in the Requests for Production to the extent that they purport to assign the words therein defined meanings other than those in common usage.  Defendant will use the commonly accepted definition of words and phrases in answering the Requests for Production.

Defendant objects to Plaintiffs' definitions and instructions contained therein and to Plaintiffs' document requests to the extent they seek information that is protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest privilege, and/or any other applicable doctrine of privilege or immunity. Defendant hereby asserts all such applicable privileges, protections, and immunities.  Defendant intend to preserve all such privileges and/or immunities to the fullest extent, and any disclosure of such information in Response to these requests for production shall be deemed inadvertent and shall not waive those privileges, protections, or immunities.

Defendant objects to Plaintiffs' Requests for Production of Documents and the definitions and instructions contained therein to the extent that any request is unreasonably cumulative, redundant, or duplicative of other requests or seeks documents that are already known to Plaintiffs or that are equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

Defendant objects to Plaintiffs' Requests for Production of Documents and the definitions and instructions contained therein to the extent that any request seeks documents that do not exist or that are not in Defendant's possession, custody, or control.

Defendant objects to Plaintiffs' Requests for Production of Documents and the definitions and instructions contained therein to the extent any request seeks documents from a time period that renders the request unduly burdensome, unnecessarily broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Unless otherwise stated, to the extent these requests seek information from an unspecified or over-expansive timeframe, Defendant will provide information based on a reasonable timeframe.

Defendant objects to all of the above-referenced definitions in each and every Request for Production in which they are used as if objected to on the above-stated basis individually, and Defendant answers all the Requests for Production listed below subject to and without waiving the above-stated objections.

Defendant will produce documents in .pdf format, a similar electronic format, or in hard copy.  Defendant will organize its production as such documents are kept in the regular course of their business.

## III.        RESPONSES TO FOURTH REQUESTS FOR PRODUCTION

Subject to the foregoing General Objections, which are incorporated by reference as if set forth fully in each and every response, Defendant also specifically responds and objects to the Requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**  All documents and communications between You, Edwin K. Hunter or HHS and any person identifying or referencing the computer storage devices from which the emails between Preston and Kenneth Michael Wright attached to the Motion to Recuse were retrieved.

**RESPONSE:**   MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege.  MarOpCo further objects to this request as seeking information that the Court prevented Plaintiffs from seeking when the Court denied Plaintiffs' motion for expedited discovery and instead provided the opportunity for affidavits as a substitute for such discovery. MarOpCo further objects because the Court also directed the Special Master to answer certain forensic questions, which provides an additional reason why this request for production is inappropriate and unnecessary.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel.  Moreover, MarOpCo objects to the request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment in that the alleged relevancy is based on Preston Marshall's unethical and illegal conduct.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications by and between You, Edwin K. Hunter or HHS and any person, including but not limited to Scofield Gerard and Chris Anderson regarding, referencing or distributing the communications between Preston and Kenneth Michael Wright attached to the Motion to Recuse.

**RESPONSE:**   MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege.  MarOpCo further objects to this request as seeking information that the Court prevented Plaintiffs from seeking when the Court denied Plaintiffs' motion for expedited discovery and instead provided the opportunity for affidavits as a substitute for such discovery. MarOpCo further objects because the Court also directed the Special Master to answer certain forensic questions, which provides an additional reason why this request for production is inappropriate and unnecessary.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel.  Moreover, MarOpCo objects to the request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment in that the alleged relevancy is based on Preston Marshall's unethical and illegal conduct.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**UN-NUMBERED REQUEST BETWEEN NOS. 2 AND 3:**   All documents and communications by and between You, Edwin K. Hunter or HHS and any person, including but not limited to Scofield Gerard and Chris Anderson, regarding, referencing or distributing any communications between Preston and any attorney retrieved from the electronic storage devices or ay copy or forensic image thereof.

**RESPONSE:**   MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege.  MarOpCo further objects to this request as seeking information that the Court prevented Plaintiffs from seeking when the Court denied Plaintiffs' motion for expedited discovery and instead provided the opportunity for affidavits as a substitute for such discovery. MarOpCo further objects because the Court also directed the Special Master to answer certain forensic questions, which provides an additional reason why this request for production is inappropriate and unnecessary.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel.  Moreover, MarOpCo objects to the request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment in that the alleged relevancy is based on Preston Marshall's unethical and illegal conduct.  Based on the foregoing objections, MarOpCo will not produce responsive documents.


**REQUEST FOR PRODUCTION NO. 3:**   All estimates, invoices, receipts, attorneys' fees invoices, or proof or payments regarding or referencing any and all forensic images of any computer storage devices or copies thereof between June 2015 and present. This request shall include references to the creation or making of any such forensic image.

**RESPONSE:**   MarOpCo objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it is wholly unnecessary to get every scrap of paper relating in any way to a forensic image.  MarOpCo further objects to the request as wholly unnecessary and intended for purposes of harassment given that all forensic copies have been returned pursuant to the Court's order, and such forensic copies are now in the possession of the Special Master and are subject to his forensic testing pursuant to the Court's Amended Order Appointing Special Master.  MarOpCo further objects to the request for billing records as calling for information protected from disclosure by the attorney-client privilege and the attorney work product doctrine.  MarOpCo also objects to the request as ambiguous, vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence because it references "any computer storage devices or copies thereof," and thus makes no attempt to limit the request to potentially relevant devices.  MarOpCo also objects to the request as calling for the production of documents possessed by other parties to this case and represented by separate counsel.  Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the forensic invoice already produced, and it further refers Plaintiffs to the images now in the possession of the Special Master.

**REQUEST FOR PRODUCTION NO. 4:** All documents and communications by and between You, Edwin K. Hunter or HHS and any person, including Scofield Gerard and Chris Anderson, regarding, referencing, or distributing any forensic image or copy of the computer storage devices or any forensic image or copy of a copy of the computer storage devices.

**RESPONSE:** MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege. MarOpCo further objects to this request as seeking information that the Court prevented Plaintiffs from seeking when the Court denied Plaintiffs' motion for expedited discovery and instead provided the opportunity for affidavits as a substitute for such discovery. MarOpCo further objects because the Court also directed the Special Master to answer certain forensic questions, which provides an additional reason why this request for production is inappropriate and unnecessary. MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. Moreover, MarOpCo objects to the request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment in that the alleged relevancy is based on Preston Marshall's unethical and illegal conduct. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 5:** All notes, discussions, emails, and/or communications between You, Edwin K. Hunter or HHS and any of the following persons concerning or relating to Preston's communications with any of his attorneys, including but not limited to Kenneth Michael Wright:

    (a)  E. Pierce Marshall, Jr.;
    (b)  Scofield Gerard;
    (c)  HHS;
    (d)  Chris Anderson;
    (e)  MarOpCo;
    (f)  ACE Data Group LLC;
    (g)  Cyber Investigation Services LLC;
    (h)  Walt Sanchez;
    (i)  Todd Clemons;
    (j)  Leslie Schiff; and
    (k)  Dane Ciolino.

**RESPONSE:** MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege. MarOpCo further objects to this request as seeking information that the Court prevented Plaintiffs from seeking when the Court denied Plaintiffs' motion for expedited discovery and instead provided the opportunity for affidavits as a substitute for such discovery. MarOpCo further objects because the Court also directed the Special Master to answer certain forensic questions, which provides an additional reason why this request for production is inappropriate and unnecessary. MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and

represented by separate counsel.  Moreover, MarOpCo objects to the request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment in that the alleged relevancy is based on Preston Marshall's unethical and illegal conduct.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 6:**  A copy of Dane Ciolino's complete expert file regarding Preston's emails with any attorney, including Kenneth Michael Wright.

**RESPONSE:**  MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege. MarOpCo further objects to this request as seeking information that the Court prevented Plaintiffs from seeking when the Court denied Plaintiffs' motion for expedited discovery and instead provided the opportunity for affidavits as a substitute for such discovery. MarOpCo further objects because the Court also directed the Special Master to answer certain forensic questions, which provides an additional reason why this request for production is inappropriate and unnecessary.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel.  Moreover, MarOpCo objects to the request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment in that the alleged relevancy is based on Preston Marshall's unethical and illegal conduct.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 7:**  All documents and communications between You, Edwin K. Hunter or HHS and Dane Ciolino discussing, disseminating, or concerning any communications between Preston and any of his attorneys, including but not limited to Kenneth Michael Wright.

**RESPONSE:**  MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege. MarOpCo further objects to this request as seeking information that the Court prevented Plaintiffs from seeking when the Court denied Plaintiffs' motion for expedited discovery and instead provided the opportunity for affidavits as a substitute for such discovery. MarOpCo further objects because the Court also directed the Special Master to answer certain forensic questions, which provides an additional reason why this request for production is inappropriate and unnecessary.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel.  Moreover, MarOpCo objects to the request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment in that the alleged relevancy is based on Preston Marshall's unethical and illegal conduct.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 8:**   All documents and communications in Your possession evidencing the transmittal of any communications between Preston and his attorney(s) to a third party.

**RESPONSE:**   MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege.   MarOpCo further objects to this request as seeking information that the Court prevented Plaintiffs from seeking when the Court denied Plaintiffs' motion for expedited discovery and instead provided the opportunity for affidavits as a substitute for such discovery. MarOpCo further objects because the Court also directed the Special Master to answer certain forensic questions, which provides an additional reason why this request for production is inappropriate and unnecessary.   MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. Moreover, MarOpCo objects to the request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment in that the alleged relevancy is based on Preston Marshall's unethical and illegal conduct.  Based on the foregoing objections, MarOpCo will not produce responsive documents.


**REQUEST FOR PRODUCTION NO. 9:**   All documents and communications referencing or regarding the computer storage devices from June 2015 through the present.

**RESPONSE:**   MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege.   MarOpCo further objects to this request as seeking information that the Court prevented Plaintiffs from seeking when the Court denied Plaintiffs' motion for expedited discovery and instead provided the opportunity for affidavits as a substitute for such discovery. MarOpCo further objects because the Court also directed the Special Master to answer certain forensic questions, which provides an additional reason why this request for production is inappropriate and unnecessary.   MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. Moreover, MarOpCo objects to the request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment in that the alleged relevancy is based on Preston Marshall's unethical and illegal conduct.  "MarOpCo also objects to the request as ambiguous, vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it references "any computer storage devices or copies thereof," and thus makes no attempt to limit the request to potentially relevant devices."  Based on the foregoing objections, MarOpCo will not produce responsive documents.


**REQUEST FOR PRODUCTION NO. 10:**   All documents and communications referencing or regarding documents received and/or removed from the computer storage devices from January 2011 through the present.

**RESPONSE:**  MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege. MarOpCo further objects to this request as seeking information that the Court prevented Plaintiffs from seeking when the Court denied Plaintiffs' motion for expedited discovery and instead provided the opportunity for affidavits as a substitute for such discovery. MarOpCo further objects because the Court also directed the Special Master to answer certain forensic questions, which provides an additional reason why this request for production is inappropriate and unnecessary.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. Moreover, MarOpCo objects to the request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment in that the alleged relevancy is based on Preston Marshall's unethical and illegal conduct. "MarOpCo also objects to the request as ambiguous, vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it references "any computer storage devices or copies thereof," and thus makes no attempt to limit the request to potentially relevant devices.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 11:**  All documents and communications referencing or regarding the documents or communications received and/or from the Tidwell office post May 1, 2015.

**RESPONSE:**  MarOpCo objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it includes documents that necessarily have no connection to this merits of this lawsuit at all.  MarOpCo further objects to this request as an impermissible fishing expedition that completely fails to identify the documents requested with any reasonable particularity.

**REQUEST FOR PRODUCTION NO. 12:**  All documents and communications referencing, regarding, or constituting complaints regarding Preston's performance at MarOpCo.

**RESPONSE:**  MarOpCo objects to this request because Preston unnecessarily has tied up the documents in Special Master process and has engaged in other misconduct that may prevent MarOpCo from ever having access to all documents reflecting complaints about Preston's performance.  MarOpCo further objects to the request as overly broad and unduly burdensome in that Preston created countless problems that may have resulted in attorney-client communications or attorney work product, and it would be inappropriate to force MarOpCo to log all such communications.  Subject to and without waiver of the foregoing, MarOpCo refers Plaintiffs to MarOpCo's document production.

**REQUEST FOR PRODUCTION NO. 13:**  All documents and communications between You, Edwin K. Hunter or HHS and Scofield Gerard, including Phillip DeVilbiss individually, regarding the "Amicus Curiae Brief" DeVilbiss and Brad Guillory filed in the 1st District Appellate Court on or about February 19, 2016.

**RESPONSE:**  MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege.  MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible and a shameless fishing expedition relating to a pleading filed in the mandamus proceeding in this very case. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 14:**  All documents and communications between You, Edwin K. Hunter or and Finley Hilliard, including Hilliard's counsel or representatives, regarding the "Amicus Curiae Brief" Phillip DeVilbiss and Brad Guillory allegedly filed on Hilliard's behalf in the 1st District Appellate Court on or about February 19, 2016.

**RESPONSE:**  MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege.  MarOpCo further objects to this request as not reasonably calculated to lead to the discovery of admissible and a shameless fishing expedition relating to a pleading filed in the mandamus proceeding in this very case.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 15:**  All documents and communications between You, Edwin K. Hunter or HHS and HSSK regarding Preston's employment with MarOpCo.

**RESPONSE:**  MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege.  MarOpCo further objects to the request as overly broad and unduly burdensome in that countless irrelevant documents potentially could be viewed as relating in some way to Preston's former employment with MarOpCo.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel.  Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to the documents already produced.

**REQUEST FOR PRODUCTION NO. 16:**  All documents and communications between You, Edwin K. Hunter or HHS and HSSK regarding Pierce, Jr.'s employment with MarOpCo.

**RESPONSE:**  MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege.  MarOpCo further objects to the request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence in that Pierce's separate employment has nothing to do with the merits of this lawsuit. The request is also ambiguous, vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that Plaintiffs have requested all documents related to Pierce, without even any attempt to limit the request to the wholly meritless theories of relevance they have tried to articulate so far in this case. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 17:**   During the period from January 1, 2006 until December 5, 2014, all communications from Edwin K. Hunter or HHS that were sent to either or both Preston and Pierce, Jr. concerning any Marshall Family meeting in which Preston and Pierce, Jr.'s respective ownership interests in any of the following entities was discussed:

    a.   Marshall Heritage Foundation (f/k/aJ Marshall Museum and Library);
    b.   Marshall Legacy Foundation;
    c.   Eleanor Pierce Stevens Foundation;
    d.   EPS-EPM Charitable Remainder Unitrust;
    e.   Eleanor Pierce (Marshall) Stevens Living Trust;
    f.   Eleanor Stevens Revocable Gift Trust;
    g.   Bettye Morgan Charitable Remainder Unitrust;
    h.   Bettye Morgan Supplemental Charitable Remainder Unitrust;
    i.   Ada Estes Charitable Remainder Unitrust;
    j.   Ada Estes Supplemental Charitable Remainder Unitrust;
    k.   Peroxisome Charitable Lead Trust;
    l.   Citrine Commerce L.L.C.;
    m.   Lysosome L.L.C.;
    n.   Chondriosome Stiftung;
    o.   Khozraschyot Capital Management L.L.C.;
    p.   Lednik Capital Management L.L.C.;
    q.   Glacier Holdings L.L.C.;
    r.   CarTech Systems L.L.C;
    s.   Élevage Capital Management, LLC;
    t.   any other entity that was owned or proposed to be owned by any member of the Marshall Family, including any hedge funds to be established for the benefit of any Preston Marshall or Pierce Marshall, Jr.; and/or
    u.   any unit holder of Ribosome, L.P.

**RESPONSE:**   MarOpCo objects to this request as hopelessly overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it involves multiple entities with countless documents that all have absolutely nothing to do with the merits of this lawsuit. MarOpCo further objects to the time period dating back to 2006 as overly broad, irrelevant, and unduly burdensome. The only listed entities with any relevance would be Lednik, Khozraschyot, Glacier, and CarTech. To the extent MarOpCo locates responsive documents relating to these entities during a reasonable time period, MarOpCo will produce such documents. MarOpCo further objects based on the attorney-client privilege and attorney work

product doctrine because Mrs. Marshall was the client and Preston and Pierce were merely invited to attend, but the privilege is still owned and/or controlled by Mrs. Marshall.

**REQUEST FOR PRODUCTION NO. 18:**  All documents and communications referencing or regarding DCI that You, Edwin K. Hunter or HHS received from Preston, Pierce, Jr. or Elaine Marshall.

**RESPONSE:**  MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege in that both the investigation into Preston's misconduct, the process of filing amended tax returns, and the current audit process necessarily would result in documents protected from disclosure.  MarOpCo further objects to this request as being directed to other parties represented by separate counsel.  Subject to and without waiver of the foregoing, MarOpCo will produce the DCI invoices and communications to/from DCI that are within its possession.

**REQUEST FOR PRODUCTION NO. 19:**  All documents and communications referencing or regarding DCI from January 2010 through the present.

**RESPONSE:**  MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege in that both the investigation into Preston's misconduct, the process of filing amended tax returns, and the current audit process necessarily would result in documents protected from disclosure.  Subject to and without waiver of the foregoing, MarOpCo will produce the DCI invoices and communications to/from DCI that are within its possession.

**REQUEST FOR PRODUCTION NO. 20:**  All documents and communications referencing or regarding Chondriosome Stiftung, and/or its bank accounts, from January 1, 2011, through the present.

**RESPONSE:**  MarOpCo objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because the time period goes back long before there was any dispute relating to the Ribosome bank account, and because a general request for all documents relating to bank accounts going back to January 1, 2011 is an impermissible fishing expedition.  Subject to and without waiver of the foregoing, MarOpCo refers Plaintiffs to the documents already produced.

**REQUEST FOR PRODUCTION NO. 21:**  All documents and communications regarding or referencing Ribosome, L.P., and/or its bank accounts, from January 1, 2011, through the present.

**RESPONSE:**  MarOpCo objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because the time period goes back long before there was any dispute relating to the Ribosome bank account, and because a general request for all documents relating to bank accounts going back to January 1, 2011 is an impermissible fishing expedition.  Subject to and without waiver of the foregoing, MarOpCo refers Plaintiffs to the documents already produced.

**REQUEST FOR PRODUCTION NO. 22:**  All documents and communications regarding, reflecting, constituting, or evidencing job duties Elaine Marshall assigned to any officer of MarOpCo subsequent to November 1, 2014. This includes, but is not limited to, copies of employment contracts, assessments, performance reviews, documents indicating or delegating authority, and work requests.

**RESPONSE:**  MarOpCo objects to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and as an impermissible fishing expedition because it includes persons other than Preston.  The request is also unduly burdensome and overly broad because it seeks almost all (if not all) documents relating in any way to the employment of such persons.  MarOpCo further objects to the request as to Preston because it is hopelessly overbroad and not reasonably calculated to lead to the discovery of admissible evidence even as to Preston's former employment. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 23:**  All recordings of Marshall Family meetings.

**RESPONSE:**  MarOpCo objects to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and as an impermissible fishing expedition because the family meetings involved topics that have nothing to do with the merits of this lawsuit.  MarOpCo further objects based on the attorney-client privilege and attorney work product doctrine because Mrs. Marshall was the client and Preston and Pierce were merely invited to attend, but the privilege is still owned and/or controlled by Mrs. Marshall. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 24:**  All documents reflecting communications with Pierce, Jr. and Edwin K. Hunter or HHS concerning any Marshall family meeting that Preston attended or was invited to attend.

**RESPONSE:**  MarOpCo objects to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and as an impermissible fishing expedition because the family meetings involved topics that have nothing to do with the merits of this lawsuit.  MarOpCo further objects based on the attorney-client privilege and attorney work product doctrine because Mrs. Marshall was the client and Preston and Pierce were merely invited to attend, but the privilege is still owned and/or controlled by Mrs. Marshall. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 25:**  All documents reflecting communications between Edwin K. Hunter or HHS and Elaine Marshall regarding any Marshall family meeting that Preston attended or was invited to attend.

**RESPONSE:**  MarOpCo objects to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and as an impermissible fishing expedition because the family meetings involved topics that have nothing to do with the merits of this lawsuit.  MarOpCo further objects based on the attorney-client privilege and attorney work product doctrine because Mrs. Marshall was the client and Preston and Pierce were merely invited to attend, but the privilege is still owned and/or controlled by Mrs. Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 26:**  All documents reflecting communications between Edwin K. Hunter or HHS and Preston Marshall concerning any Marshall family meeting and any business discussed in a Marshall Family meeting.

**RESPONSE:**  MarOpCo objects to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and as an impermissible fishing expedition because the family meetings involved topics that have nothing to do with the merits of this lawsuit.  MarOpCo further objects based on the attorney-client privilege and attorney work product doctrine because Mrs. Marshall was the client and Preston and Pierce were merely invited to attend, but the privilege is still owned and/or controlled by Mrs. Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 27:**  All communications, including without limitation all letters of advice, memoranda, slideshows, powerpoints, charts, or other documents sent by you or any person on behalf of HHS to Preston.

**RESPONSE:**  MarOpCo objects to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and as an impermissible fishing expedition because the family meetings involved topics that have nothing to do with the merits of this lawsuit.  MarOpCo further objects based on the attorney-client privilege and attorney work product doctrine because Mrs. Marshall was the client and Preston and Pierce were merely invited to attend, but the privilege is still owned and/or controlled by Mrs. Marshall.  The request is also hopelessly overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence because it literally seeks every document ever provided to Preston, regardless of what it concerns or whether it has even the slightest connection to this lawsuit.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 28:**  All documents, including but not limited to notes, memoranda, meeting minutes, journal entries, attorneys' fee invoices, calendar entries, reflecting Marshall Family meetings.

**RESPONSE:**  MarOpCo objects to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and as an impermissible fishing expedition because the family meetings involved topics that have nothing to do with the merits of this lawsuit.  MarOpCo further objects based on the attorney-client privilege and attorney work product doctrine because Mrs. Marshall was the client and Preston and Pierce were merely invited to attend, but the privilege is still owned and/or controlled by Mrs. Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 29:**  All recording of any member of the Marshall Family discussing or concerning any subject discussed during the course of any Marshall Family meeting.

**RESPONSE:**  MarOpCo objects to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and as an impermissible fishing expedition because the family meetings involved topics that have nothing to do with the merits of this lawsuit.  MarOpCo further objects based on the attorney-client privilege and attorney work product doctrine because Mrs. Marshall was the client and Preston and Pierce were merely invited to attend, but the privilege is still owned and/or controlled by Mrs. Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 30:**  All flight itineraries reflecting trips by any HHS attorney or employee to Houston, Texas or Dallas, Texas for any Marshall Family meeting between January 1, 2006 to the present.

**RESPONSE:**  MarOpCo objects to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and as an impermissible fishing expedition because the family meetings involved topics that have nothing to do with the merits of this lawsuit.  MarOpCo further objects based on the attorney-client privilege and attorney work product doctrine because Mrs. Marshall was the client and Preston and Pierce were merely invited to attend, but the privilege is still owned and/or controlled by Mrs. Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 31:**  All documents and communications located on every server, workstation, laptop, computer, image, hard drive, flash drive, or other electronic or digital device located at the Tidwell Office on June 11, 2015.

**RESPONSE:**  MarOpCo objects to this request as a improper request for electronically stored information that wholly fails to comply with the requirements of *In re Weekly*.  Further, the request is hopelessly overbroad and unduly burdensome in that MarOpCo employees in Houston regularly sent various business-related information to MarOpCo's Dallas office, and such requests appear to fall within this request, even though such communications are extensive and have no relevance at all to the merits of this dispute.  MarOpCo further objects to this request as interfering with the agreed upon Special Master process and seeking to impose far greater

burdens on MarOpCo with no justification for doing so.  MarOpCo further objects to the request as an impermissible fishing expedition and as failing completely to identify with reasonably particularly the categories of documents requested.

**REQUEST FOR PRODUCTION NO. 32:**  All documents reflecting communications between E. Pierce Marshall, Jr. and Edwin K. Hunter or HHS concerning any Marshall Family Meeting that Preston Marshall attended or was invited to attend.

**RESPONSE:**  MarOpCo objects to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and as an impermissible fishing expedition because the family meetings involved topics that have nothing to do with the merits of this lawsuit.  MarOpCo further objects based on the attorney-client privilege and attorney work product doctrine because Mrs. Marshall was the client and Preston and Pierce were merely invited to attend, but the privilege is still owned and/or controlled by Mrs. Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.  The request is further not reasonably calculated to lead to the discovery of admissible evidence because it is yet another impermissible fishing expedition into Pierce's separate employment that is wholly unrelated to the merits of this lawsuit.

**REQUEST FOR PRODUCTION NO. 33:**  All communications between Edwin K. Hunter or HHS and Preston Marshall concerning any Marshall Family Meeting and any business discussed in a Marshall Family Meeting.

**RESPONSE:**  MarOpCo objects to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and as an impermissible fishing expedition because the family meetings involved topics that have nothing to do with the merits of this lawsuit.  MarOpCo further objects based on the attorney-client privilege and attorney work product doctrine because Mrs. Marshall was the client and Preston and Pierce were merely invited to attend, but the privilege is still owned and/or controlled by Mrs. Marshall.  Based on the foregoing objections, MarOpCo will not produce responsive documents.  The request is further not reasonably calculated to lead to the discovery of admissible evidence because it is yet another impermissible fishing expedition into Pierce's separate employment that is wholly unrelated to the merits of this lawsuit.

**REQUEST FOR PRODUCTION NO. 34:**   All documents, including charts, graphs, powerpoints and/or other documents that concern or relate to the Disclaimer of Interest filed by Elaine Marshall in the Estate of E. Pierce Marshall on or about March 19, 2007.

**RESPONSE:**  MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment, because it relates to Preston's claims relating to an ineffective Qualified Conditional Disclaimer in another case. MarOpCo further objects to the request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it refers to a 2007

Qualified Conditional Disclaimer and purports to require a search for any documents referencing that document in any way to that 2007 Qualified Conditional Disclaimer.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel.  Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 35:**   All documents reflecting communications with Preston regarding and/or relating to investment opportunities offered by any HHS attorney or employee to Preston.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment, because it has no bearing on the facts of this case and refers generically to the vague and ambiguous phrase "investment opportunities." MarOpCo further objects to the request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it refers to any alleged "investment opportunity" at any time related to any type of alleged investment.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 36:**   All documents reflecting communications between Edwin K. Hunter or HHS and Preston regarding, relating to, or referencing Idzig, LLC between January 1, 2014 and the present.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it requests all documents relating in any way to Idzig, LLC, when the issues in this lawsuit relating to Idzig are limited to certain issues.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to its prior production and will supplement its production to the extent necessary.

**REQUEST FOR PRODUCTION NO. 37:**   All documents and communications to or from Edwin K. Hunter or HHS regarding, relating to, or referencing Rusk Capital between January 1, 2014 and the present.

**RESPONSE:**   MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to its prior production.

**REQUEST FOR PRODUCTION NO. 38:**  All documents, communications, recordings, notes or memoranda to or from Edwin K. Hunter or HHS regarding, relating to, or referencing Preston in 2014.

**RESPONSE:**  MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it requests all documents relating in any way to Preston, when the issues in this lawsuit relating to Preston are limited to certain issues.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel.  MarOpCo also objects to this request to the extent it seeks attorney-client privileged communications, joint defense communications, common interest privilege communications, and/or attorney work product.  Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to its prior production.

**REQUEST FOR PRODUCTION NO. 39:**  All documents, communications, recordings, notes or memoranda to or from You, Edwin K. Hunter or HHS regarding, relating to, or referencing the buildout of the Tidwell Office.

**RESPONSE:**  MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it requests all documents relating in any way to the Tidwell office, when the issues in this lawsuit relating to office buildout are limited to certain issues.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel.  MarOpCo also objects to this request to the extent it seeks attorney-client privileged communications, joint defense communications, common interest privilege communications, and/or attorney work product. Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to its prior production and will supplement its production to the extent necessary.

**REQUEST FOR PRODUCTION NO. 40:**  All documents and communications to or from You, Edwin K. Hunter or HHS regarding, relating to, or referencing any marital agreement between Preston and Anastasia Marshall.

**RESPONSE:**  MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it requests all documents relating in any way to any marital agreement between Preston and his wife, which has nothing to do with the merits of the issues in this lawsuit.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel.  MarOpCo also objects to this request to the extent it seeks attorney-client privileged communications, joint defense communications, common interest privilege

communications, and/or attorney work product. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 41:**   All documents and communications to or from You, Edwin K. Hunter or HHS regarding, relating to, or referencing any violation of any confidentiality agreement by Preston.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it requests all documents relating in any way to any confidentiality agreement breached by Preston, which has nothing to do with the merits of the issues in this lawsuit. MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. MarOpCo also objects to this request to the extent it seeks attorney-client privileged communications, joint defense communications, common interest privilege communications, and/or attorney work product. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 42:**   All documents and communications to or from You, Edwin K. Hunter or HHS regarding, relating to, or referencing Jay Houren or any member of the Crady, Jewett and McCulley law firm.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it relates to the Probate lawsuits filed by Preston, not this lawsuit. MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. MarOpCo also objects to this request to the extent it seeks attorney-client privileged communications, joint defense communications, common interest privilege communications, and/or attorney work product. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 43:**   All documents and communications to or from You, Edwin K. Hunter or HHS regarding, relating to, or referencing John Porter or any member of the Baker Botts law firm.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that the request is not related to the merits of this lawsuit. MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. MarOpCo also objects to this request to the extent it seeks attorney-client privileged communications, joint defense communications, common interest privilege communications,

and/or attorney work product. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 44:**   All documents and communications to or from You, Edwin K. Hunter or HHS regarding, relating to, or referencing the conduct, performance or termination of Robert Kerr.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that the request for all documents relating to the conduct or performance of Robert Kerr necessarily involves conduct or performance wholly unrelated to the allegations in this lawsuit. MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. MarOpCo also objects to this request to the extent it seeks attorney-client privileged communications, joint defense communications, common interest privilege communications, and/or attorney work product. Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to its prior production and will supplement its production with non-privileged documents to the extent necessary.

**REQUEST FOR PRODUCTION NO. 45:**   All documents and communications to or from You, Edwin K. Hunter or HHS regarding, relating to, or referencing the closure of the Tidwell Office from January 2013 to the present.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that the request for all documents relating to the potential closure of the Houston office is unrelated to the allegations in this lawsuit. MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. MarOpCo also objects to this request to the extent it seeks attorney-client privileged communications, joint defense communications, common interest privilege communications, and/or attorney work product. Subject to and without waiver of the foregoing objections, MarOpCo refers Plaintiffs to its prior production and will supplement its production with non-privileged documents to the extent necessary.

**REQUEST FOR PRODUCTION NO. 46:**   All documents and communications to or from You, Edwin K. Hunter or HHS regarding, relating to, or referencing the opportunities extended to Preston by MarOpCo or Elaine Marshall from January 2013 to the present.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that the request for all documents relating to undefined "opportunities" is ambiguous and vague and wholly unrelated to the

allegations in this lawsuit.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. MarOpCo also objects to this request to the extent it seeks attorney-client privileged communications, joint defense communications, common interest privilege communications, and/or attorney work product. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 47:**   All documents and communications to or from You, Edwin K. Hunter or HHS regarding, relating to, or referencing any political gifts made by MarOpCo and/or any Affiliate by Preston.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that the request for all documents relating to undefined "political gifts" is ambiguous and vague and wholly unrelated to the allegations in this lawsuit.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. MarOpCo also objects to this request to the extent it seeks attorney-client privileged communications, joint defense communications, common interest privilege communications, and/or attorney work product. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 48:**   All documents and communications to or from You, Edwin K. Hunter or HHS regarding, relating to, or referencing any actions by Preston with respect to his residence at 11100 Meadowick Drive, Houston, TX.

**RESPONSE:**   MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that the request for all documents in any way to 11100 Meadowick Drive is ambiguous and vague and wholly unrelated to the allegations in this lawsuit.  MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. MarOpCo also objects to this request to the extent it seeks attorney-client privileged communications, joint defense communications, common interest privilege communications, and/or attorney work product. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 49:**   All documents and communications to or from You, Edwin K. Hunter or HHS regarding, relating to, or referencing any actions by Preston with respect to his service and Co-Trustee of the Eleanor Pierce (Marshall) Stevens Living Trust and/or the Eleanor Pierce Stevens Revocable Gift Trust.

**RESPONSE:** MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that the request for all documents in any way related to Eleanor Pierce (Marshall) Stevens Living Trust and/or the Eleanor Pierce Stevens Revocable Trust apparently relates to Preston's Louisiana litigation and is wholly unrelated to the allegations in this lawsuit. MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. MarOpCo also objects to this request to the extent it seeks attorney-client privileged communications, joint defense communications, common interest privilege communications, and/or attorney work product. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 50:** All documents and communications to or from You, Edwin K. Hunter or HHS regarding, relating to, or referencing Mike Schwartzberg, Shane Hinch and any other lawyer at the Vamvorass, Schwartzberg & Hinch law firm.

**RESPONSE:** MarOpCo objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that the request is not related to the merits of this lawsuit. MarOpCo also objects to this request as calling for the production of documents possessed by other parties to this case and represented by separate counsel. MarOpCo also objects to this request to the extent it seeks attorney-client privileged communications, joint defense communications, common interest privilege communications, and/or attorney work product. Based on the foregoing objections, MarOpCo will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 51:** All scans and/or copies made of all documents formerly housed in and removed from the Tidwell office after June 11, 2015.

**RESPONSE:** MarOpCo objects to this request as a improper request for electronically stored information that wholly fails to comply with the requirements of *In re Weekly*. Further, the request is hopelessly overbroad and unduly burdensome in that MarOpCo employees in Houston regularly sent various business-related information to MarOpCo's Dallas office, and such requests appear to fall within this request, even though such communications are extensive and have no relevance at all to the merits of this dispute. The request also interferes with the Court-ordered inspection process. MarOpCo further objects to this request as interfering with the agreed upon Special Master process and seeking to impose far greater burdens on MarOpCo with no justification for doing so. MarOpCo further objects to the request as an impermissible fishing expedition and as failing completely to identify with reasonably particularly the categories of documents requested.

**REQUEST FOR PRODUCTION NO. 52:**  All documents provided to Blank Rome, LLP regarding, referencing or distributing any communications between Preston and any attorney retrieved from the electronic storage devices or ay copy or forensic image thereof.

**RESPONSE:**  MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege.  MarOpCo further objects to this request as seeking information that the Court prevented Plaintiffs from seeking when the Court denied Plaintiffs' motion for expedited discovery and instead provided the opportunity for affidavits as a substitute for such discovery. MarOpCo further objects because the Court also directed the Special Master to answer certain forensic questions, which provides an additional reason why this request for production is inappropriate and unnecessary.  Further, MarOpCo objects because the Court's order specifically permitted MarOpCo's counsel to retain copies of emails attached to the Louisiana motion to recuse for use relating to the issues being litigated in this case.  Moreover, MarOpCo objects to the request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment in that the alleged relevancy is based on Preston Marshall's unethical and illegal conduct.  Based on the foregoing objections, MarOpCo will not produce responsive documents.


**REQUEST FOR PRODUCTION NO. 53:**  All documents provided to Lynn Pinker regarding, referencing or distributing any communications between Preston and any attorney retrieved from the electronic storage devices or ay copy or forensic image thereof.

**RESPONSE:**  MarOpCo objects to this request as calling for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and/or the common interest privilege.  MarOpCo further objects to this request as seeking information that the Court prevented Plaintiffs from seeking when the Court denied Plaintiffs' motion for expedited discovery and instead provided the opportunity for affidavits as a substitute for such discovery. MarOpCo further objects because the Court also directed the Special Master to answer certain forensic questions, which provides an additional reason why this request for production is inappropriate and unnecessary.  Further, MarOpCo objects because the Court's order specifically permitted MarOpCo's counsel to retain copies of emails attached to the Louisiana motion to recuse for use relating to the issues being litigated in this case.  Moreover, MarOpCo objects to the request as not reasonably calculated to lead to the discovery of admissible evidence and as intended for purposes of harassment in that the alleged relevancy is based on Preston Marshall's unethical and illegal conduct.  Based on the foregoing objections, MarOpCo will not produce responsive documents.


4815-4861-8543, v.  1